### In re CENTRAL FLORIDA FUELS, INC., Debtor.

**Bankruptcy No. 86–2772–BKC–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 9, 1988.

Morton Kosto, Orlando, Fla., for H.M. Bowness, Inc., Sun City Investments, Inc., and Sun City Oil Co.

Richard A. Zeller, Tampa, Fla., for debtor.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

### INTRODUCTION

This case is before the Court upon debtor's motions pursuant to 11 U.S.C. § 365(a) to reject the executory portion of an Asset Purchase Agreement as a severable contract and to assume a lease of business premises with H.M. Bowness, Inc. The executory contract concerns an Asset Purchase Agreement dated December 13, 1985, in which Sun City Oil Co., Robert Louis Szorcsik, and Sun City Investments, Inc. ("Sellers") agreed to sell certain business assets to Frank and Neil Zentmeyer. The lease with H.M. Bowness concerns business property located in Ocoee, Florida. The sellers oppose the motions and have filed written responses in support of their positions.

### FACTS

On December 13, 1985, Sun City Investments, Inc., Sun City Oil Co., and Robert Louis Szorcsik ("Szorcsik") entered into an Asset Purchase Agreement (the "Agreement") with Frank and Neil Zentmeyer in which they agreed to sell their business to the Zentmeyers for $950,000. The purchase price was payable as follows:

(1) cash in the maximum amount of $100,000 to the extent the accounts receivable have been collected and deposited in the corporate bank account;

(2) $100,000 cash to be paid on June 1, 1986;

(3) delivery of a promissory note in the amount of $150,000 payable over two years with 9 percent interest;

(4) delivery of a promissory note in the amount of $200,000 payable over two years with 9 percent interest; and

(5) replacement by the buyer of a mortgage held by Florida Center Bank (approximate amount = $400,000) on the business premises located at 409 Franklin Street, Ocoee, Florida.

Paragraph 7 of the Asset Purchase Agreement conditioned the closing of the transaction upon the execution of a lease agreement with H.M. Bowness, Inc. (the "Bowness lease"), concerning the business premises located at 409 Franklin Street, Ocoee, Florida. The contract also contained a provision in which the sellers guaranteed a net monthly income of $20,000 to $25,000 for the period running from December 13, 1985, through June 1, 1986.

The transaction was structured so that the closing on the equipment, inventory and receivables took place on December 13, 1985 and on December 16, 1985, and the closing on the realty, consisting of the replacement by the buyer of the mortgage held by Florida Center Bank was postponed until an unspecified future date.

On December 13, 1985, Frank and Neil Zentmeyer assigned their interest in the contract to Central Florida Fuels, Inc., ("Central Florida") and on December 16, 1985, Central Florida took possession of the premises.

The contract called for the delivery of twenty-five (25) vehicles. Central Florida received only twelve. Thirteen of the vehicles consisting of four tractors, four trailers, four city service tank trucks and one Ford pick-up truck were never delivered.

Central Florida did not make any payments under either of the two promissory notes totalling $350,000, citing the failure to meet the revenue threshold requirement under the Agreement and default as to the thirteen vehicles.

In an endeavor to replace the Florida Center Bank mortgage, Frank Zentmeyer was successful in obtaining three loan commitments from financial institutions. They were a letter of intent to loan from Able Mortgage Company dated January 15,

1986, a commitment from Atlantic Bank dated February 10, 1986, and a commitment dated February 14, 1986, from Florida Center Bank. Zentmeyer was unable to complete the closing of this transaction due to Szorcsik's insistence that the money be paid to him directly and he in turn would pay off the outstanding mortgage.

Due to several large tax assessments by the State of Florida Department of Revenue, Sun City Investments, Inc., filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 29, 1986 (Case No. 86–187–BKC–6P1). On April 8, 1986, it filed this motion to reject the Asset Purchase Agreement which is the subject of the present action. By order entered this 9 day of August, the Court denied Sun City's motion.

On May 14, 1986, Central Florida Fuels, Inc. ("Debtor"), filed a Chapter 11 petition in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division. It has filed a motion to reject the executory portion of the Asset Purchase Agreement which it claims to be severable (i.e. the obligation to substitute the Florida Center Bank mortgage), and a motion to assume the Bowness lease. Judge Paskay of the Tampa Division transferred the case to the Orlando Division for purposes of consolidating the hearings on the related motions.

H.M. Bowness, Inc. ("Bowness"), is a company owned and controlled by Robert L. Szorcsik and is the lessor of the business premises occupied by Central Florida Fuels. It, too, filed a Chapter 11 petition for relief in Orlando on December 12, 1986 (Case No. 86–2772–6P1) and has moved to reject both the December 13, 1985, unexpired lease and the Asset Purchase Agreement with Central Florida Fuels. These motions were consolidated for hearing with the present motion but will be dealt with in a separate opinion.

## ISSUES

The debtor is seeking to rescind the remaining portion of that agreement as a severable contract. More specifically, debtor wishes to be released from an obligation to obtain a substitute mortgage on the business premises located in Ocoee, Florida. Secondly, debtor wishes to assume an unexpired lease for its business premises. There is no issue of default on either motion.

## DISCUSSION

Section 365(a) of the Bankruptcy Code provides, in relevant part, that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." In Chapter 11 cases, the debtor-in-possession succeeds to the trustee's power under § 1107(a).

The authority to reject certain contracts is fundamental to the bankruptcy system and provides a mechanism through which severe financial burdens may be lifted while the debtor attempts reorganization. *See, e.g., In re Jolly,* 574 F.2d 349, 350 (6th Cir.1978).

It is well settled that an executory contract must be assumed or rejected in its entirety. *In re Monsour Medical Center,* 11 B.R. 1014 (D.W.D.Penn.1981); *In re Rovine Corp.,* 6 B.R. 661, 666 (Bkrptcy.W.D. Tenn.1980). However, the mere fact that a transaction is embodied in only one instrument does not necessarily preclude the existence of several independent contracts. *In re Gardinier, Inc.,* 50 B.R. 491, 493 (Bkrptcy.M.D.Fla.1985). A single document may contain two distinct contracts which may be separately enforced.

■ The issue of severability of a contract is to be determined by the intention of the parties as evidenced by the terms of the contract. In this case, it is quite clear that the parties intended a substitution of the mortgage to accompany the sale of debtor's business. The Court cannot conclude that this portion of the contract is severable and subject to assumption.

As for the Bowness lease, it may very well be that the parties contemplated its execution prior to entry into the Asset Purchase Agreement. However, the Court finds it to be a separate contract subject to assumption or rejection only by this debtor or H.M. Bowness, Inc.

Consistent with that position, the debtor has filed a motion to assume the H.M. Bowness lease. H.M. Bowness has filed a similar motion but chose to reject the unexpired lease. By order dated this 9 day of August, 1988, Bowness' motion was denied. The only remaining issue, therefore, is whether debtor is entitled to assume the Bowness lease.

 The decision to assume or reject an executory contract is usually left entirely to the debtor. Upon proper motion, the Court should give perfunctory approval of the decision subject only to review under the business judgment rule. This test simply requires a showing by the Trustee or debtor-in-possession that rejection of the contract will be likely to benefit the estate. *See, e.g., In re Bildisco*, 682 F.2d 72, 79 (3d Cir.1982), *aff'd sub nom. N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984); *Johnson v. Fairco Corp.*, 61 B.R. 317, 320 (N.D.Ill. 1986); *In re W. & L. Associates, Inc.*, 71 B.R. 962, 16 C.B.C.2d 834, 839 (Bkrptcy.E. D.Pa.1987).

The debtor has made such a showing in this case. Frank Zentmeyer testified that continuation of this lease is essential to the continued operation of its business. Testimony also reveals that the debtor would suffer a substantial loss if it were forced to relocate. Given the nature of this testimony, there is no reason why this Court should substitute its judgment for that of the debtor. As there is no issue of default under the lease, the Court will enter an order approving the assumption.

ORDER ON DEBTOR'S MOTION TO RE-JECT EXECUTORY PORTION OF ASSET PURCHASE AGREEMENT AND MOTION TO ASSUME LEASE WITH H.M. BOWNESS, INC.

Upon the Memorandum Opinion separately entered this 9 day of August, 1988, it is

ORDERED AND ADJUDGED:

1. Debtor's Motion to Reject the Executory Portion of the Asset Purchase Agreement with Sun City Oil Co., Sun City In-vestments, Inc., and Robert Louis Szorcsik is DENIED.

2. Debtor's Motion to Assume Lease of Business Premises with H.M. Bowness, Inc., is GRANTED.