No. 13339

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

VERN J. DOBITZ, JAMES L.
SCHAREN and JOHN FURGASON,

        Plaintiffs and Appellants,

  -vs-

FRED E. OAKLAND and LORETTA OAKLAND,
husband and wife, and WESTERN PROPERTIES,
a Montana general partnership,

        Defendants and Respondents.

---

Appeal from:  District Court of the Thirteenth Judicial
            District,
            Honorable Charles Luedke, Judge presiding.

Counsel of Record:

    For Appellants:

    Michael J. Whalen argued, Billings, Montana

    For Respondents:

    Moulton, Bellingham, Longo and Mather, Billings,
     Montana
    B. E. Longo argued, Billings, Montana
    Hutton, Sheehy and Cromley, Billings, Montana

---

            Submitted:  January 26, 1977

            Decided:  MAR 4  1977

Filed:  MAR 4  977

_Thomas J. Kearney_
                    Clerk

Honorable Peter G. Meloy, District Judge, sitting in place of Mr. Justice Frank I. Haswell.

This is an appeal from a declaratory judgment granted by the district court, Yellowstone County, in favor of defendants Fred E. Oakland and Loretta Oakland.

The facts from which this litigation arises are:

Oaklands sold certain real property rental units to the plaintiffs, Vern J. Dobitz, James L. Scharen and John Furgason, on a contract for deed, which contract contained a provision for nonassignment unless Oaklands' consent was given.

Plaintiffs, without Oaklands' consent, entered into a contract for deed to sell to defendant Western Properties, Inc.

The contract for deed between Oaklands and plaintiffs provided that in the event of default by plaintiffs, Oaklands would give a written notice of default and plaintiffs would have 30 days to cure the default. Notice of default was given on October 7, 1975.

The contract further provided that in the event the default was not cured within the 30 day period, that Oaklands could, by written notice, declare the entire balance on the contract due. Such notice was given November 12, 1975. Plaintiffs on November 13, 1975 filed this action for declaratory relief and requested an order restraining Oaklands from further action on the notice of acceleration. The district court granted a temporary restraining order and order to show cause. Oaklands filed an answer and a motion for a summary judgment. Defendant Western Properties, Inc., acknowledged service but has not otherwise pleaded to the complaint.

On December 5, 1975 a hearing before the district court was had upon the order to show cause and the motion for summary judgment. The district court entered judgment for Oaklands holding: (1) that plaintiffs had violated the provisions of the

contract by entering into the contract with Western Properties, Inc. without first obtaining the consent of the Oaklands; (2) that a proper notice of default was given by Oaklands; (3) that there was a failure to cure within the 30 days allowed by the contract and that further notice accelerating the balance was given; and (4) that the order restraining the Oaklands as to action on accelerating the balance be quashed. (The district court thereafter stayed the execution of the judgment, the effect of which restrained Oaklands from taking any further action under the default provision of the contract until 10 days after the filing of the remittitur from the Supreme Court.)

On appeal plaintiffs raise issues hereinafter discussed:

First: Has there been a default by plaintiffs which came within the default provisions of the contract for deed?

Plaintiffs contend there was not a "default", as such, but merely a "breach". They admit there was a breach but argue that the remedy is for damages and does not come under the default provisions which provides for notice and an opportunity to cure the default. Plaintiffs argue the default provision applies only to a failure on the part of plaintiffs to perform their affirmative obligations under the contract.

The pertinent sections of the contract for deed are:

"11.  DEFAULT PROVISIONS.  Should Buyer fail to make the payment provided herein or to perform any of the other terms on Buyer's part to be performed hereunder * * *."  (The balance of the section provides for notice, etc.)

"12.  REMEDIES NOT EXCLUSIVE.  In the event of a breach by Seller or Buyer of a provision hereof or in the event of any default as defined herein, the party aggrieved thereby shall have all the rights and privileges accorded by law or otherwise.  No remedy herein conferred upon or reserved to any of the parties herein is exclusive of any other remedy or remedies, and each and every remedy shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity."

Plaintiffs argue Section 12 makes a distinction between

- 3 -

breach and default.

The question is presented as to whether the action on the part of plaintiffs in reselling the property and violating the nonassignment clause without consent constitutes a default within the meaning of Section 11 of the contract.

The district court found the failure to procure the consent constituted a default within the meaning of Section 11. We agree.

We note the default provision carries the words, in addition to the failure to make payments, "or to perform any of the other terms on Buyer's part to be performed hereunder * * *."

There was an obligation of performance on plaintiffs' part to secure the Oaklands' consent prior to the sale to Western Properties, Inc. Such obligation was not performed and thus such failure of performance constitutes a default within the meaning of Section 11 of the contract.

Second: Was the provision of Oakland's contract for deed prohibiting assignment or transfer of interest without Oaklands' prior consent void in contravention of public policy, and in contravention of section 67-405, R.C.M. 1947, as an unlawful restraint upon alienation?

Section 67-405, provides:

"Conditions restraining alienation, when repugnant to the interest created, are void."

The district court found the contract provision against transfer without the Oaklands' consent was not void and was a condition not encompassed within the meaning of section 67-405. We agree.

The general rule is stated in 4 Corbin on Contracts, § 873, p. 491:

"We have substantial unanimity of authority to the effect that in contract for the future conveyance of land or goods, the vendor can

> limit or forbid the purchaser's assignment of
> his right to transfer. The court may hesitate
> to interpret general words against assignment
> as being intended as such a prohibition; but
> such a prohibition, if made, is not invalid.
> Attention may again be called, however, to the
> difference between forbidding the assignment of
> a contract right to a future transfer, and for-
> bidding a future conveyance of land or goods by
> the buyer after their transfer to him. The
> latter may be invalid for various reasons; it
> is the former that is now being considered."

This statement of the law recognizes the difference between a conveyance and a contract to convey. The land contract such as is involved here is an executory contract and the legal title does not pass until the conveyance is actually made. We adopt the general rule. (Compare: Rother-Gallagher v. Montana Power, 164 Mont. 360, 552 P.2d 1226, wherein this Court held that the provisions for nonassignment in a contract be upheld in Montana and cited Winslow v. Dunham, 46 Mont. 71, 125 P. 136; Standard Sewing Machine Co., v. Smith, 51 Mont. 245, 152 P. 38. See also: Lipsker v. Billings Boot Shop, 129 Mont. 420, 288 P.2d 660.)

Plaintiffs reason the judgment of the district court holding the new assignment clause to be valid operates to prevent plaintiffs from entering into rental agreements. There was, in this case, no default specified in the notice as to the rental agreements and is not an issue here. We note, however, that the default complained of here is that of the granting of an interest which is not a terminable interest, as is the case of a month to month tenancy.

Plaintiffs do not concede the so-called assignment clause is not void but contend that should this Court hold that it is not void, then plaintiffs urge this Court to adopt what the Oaklands characterize as the minority rule. Under the so-called minority rule the clause is not void, but must be of reasonable application. Plaintiffs contend the failure of Oaklands' giving of consent was unreasonable and was solely motivated by a desire to get an increase in their interest rate.

The district court made no findings as to the reasonableness of the withholding of consent, and under the view of this Court such finding is not necessary. (There was conflict in the testimony as to the information given to Oaklands as to the terms of the resale contract and the names of the purchasers.)

The judgment of the district court is affirmed.

_____
Hon. Peter G. Meloy District Judge,
sitting in place of Mr. Justice Frank
I. Haswell.

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 6 -