**In re Marvin REHBEIN and Mary Ann Rehbein, Debtors.**

**Dwane E. HORTON and Judith D. Horton,**

**Plaintiffs/Appellants/Cross-Appellees,**

**v.**

**Marvin A. REHBEIN,**
**Defendant/Appellee,**

**and**

**Harold V. Dye, Trustee, and Jim Brown,**

**Defendants/Appellees/Cross-Appellants.**

**BAP Nos. MT–85–1111–MEAs, MT–85–1119–MEAs.**

United States Bankruptcy
Appellate Panel
of the Ninth Circuit.

Argued and Submitted Oct. 18, 1985.

Decided March 7, 1986.

James C. Bartlett, Hash, Jellison, O'Brien & Bartlett, Kalispell, Mont., for plaintiffs/appellants/cross-appellees.

Donald MacDonald, IV, Missoula, Mont., for defendant/appellee.

Harold V. Dye, Milodragovich, Dale & Dye, P.C., Missoula, Mont., trustee.

T.K. Botsford, Missoula, Mont., for defendants/appellees/cross-appellants.

Before MEYERS, ELLIOTT and ASHLAND, Bankruptcy Judges.

## OPINION

JAMES W. MEYERS, Bankruptcy Judge:

### I

This is an appeal from the order refusing to set aside a confirmed sale of the Debtor's interest in pre-petition installment land contract to sell certain real estate to the Appellants, which in Montana is called a "Contract for Deed." The deed was placed in escrow where it will remain until the Appellants, Dwane and Judith Horton, make the last of a series of payments specified in the contract.

The sale by the Trustee of the Debtor's interest in the contract, to Appellee Jim Brown, was confirmed by the trial court on October 12, 1984. All creditors and other parties in interest were noticed of this auction. However, the Appellants were not noticed.

On December 21, 1984, more than two months after confirmation of the sale, the Appellants commenced this action to set it aside. The trial court entered an order refusing to set aside the sale on May 17, 1985. On June 7, 1985, the Appellants made a motion they entitled a "Motion for Final Order." The trial court then issued a final order denying the motion to set aside the sale. Appeal was promptly taken from this order, but no stay was requested.

Appellants maintain that there are two grounds on which to reverse the judgment below. First, they argue that the installment land contract is an executory contract under 11 U.S.C. § 365. *See* Bankruptcy Rule 6006. This would have entitled the Appellants to notice before the Debtor's interest in the contract could be sold. Second, the Appellants claim they were entitled to notice under 11 U.S.C. § 363 and Bankruptcy Rules 2002 and 6004 as creditors, because the Appellants have a purchaser's lien on the real property and a contingent claim against the Debtor. These arguments are not persuasive.

The Appellees maintain that this appeal is not properly before us because a stay was not obtained and the appeal was not timely filed.

We find that this appeal was timely filed and AFFIRM.

### II

### DISCUSSION

#### A. *Timeliness of Appeal*

The Appellees argue that this appeal is improperly before us because appeal from the trial court's final order was not taken within 10 days. The trial court apparently issued two orders. The first order, issued on May 17, 1985, denied the Appellant's motion to set aside the sale. Instead of taking an immediate appeal, the Appellants, on June 7, 1985, filed an inartfully titled "Motion for Final Order" because the first order did not deal with all of their arguments. Such a motion is actually a motion to alter or amend a judgment under Bankruptcy Rule 9023, which incorporates Rule 59(e) of the Federal Rules of Civil Procedure. *See Matter of Nicholson*, 779 F.2d 514, 515 (9th Cir.1985).

On June 17, 1985, the trial court issued another order which was labelled a final order for purposes of appeal and which denied the Appellants all relief. The Ap-

pellees claim that the first order was actually the final order. If so, the Appellants did not file their appeal within the 10 days prescribed by Bankruptcy Rule 8002 and are not properly before this court. *See In Re Roanca Realty, Inc.*, 747 F.2d 816, 817 (1st Cir.1984).

The question is whether the order of May 17, 1985, was a final order. The trial court apparently did not consider it such, nor was it. The second order was the one labelled final.

■ Under Bankruptcy Rule 9021 a judgment in a contested matter must be set forth on a separate document. A separate document means one separate from an opinion or memorandum of the court. *In re Smith Corset Shops, Inc.*, 696 F.2d 971, 975 (1st Cir.1982); *Calhoun v. United States*, 647 F.2d 6, 9 (9th Cir.1981). It is not permissible to label an opinion an order. *In re Smith Corset Shops, supra*, 696 F.2d at 975. An opinion contains the basis for the court's decision. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384–85, 98 S.Ct. 1117, 1119–20, 55 L.Ed.2d 357 (1978), citing the Notes of the Advisory Committee, Fed.R. Civ.Proc. Rule 58, 28 U.S.C.App., p. 642. An order is the court's disposition of the case granting or denying specific relief. Fed.Rule of Civ.Proc. § 54(a).

■ The purpose of the separate document rule is to avoid forfeiture of an appeal by confusing the appellant about when the time for an appeal begins to run. *Bankers Trust, supra*, 435 U.S. at 385, 98 S.Ct. at 1120; *United States v. Indrelunas*, 411 U.S. 216, 220–22, 93 S.Ct. 1562, 1564–65, 36 L.ED.2d 202 (1973). The Supreme Court held in *Indrelunas* that only rigid adherence to the separate document requirement of Fed.Rule Civ.Proc. 58 (which is paralleled by Bankruptcy Rule 9021) would resolve uncertainty over which actions of a court constituted final judgment. 411 U.S. at 220–21, 93 S.Ct. at 1564. Later, in *Bankers Trust*, the Supreme Court held that the parties could waive the separate document rule to avoid forcing the appellant to undergo the formality of obtaining a formal judgment and that this rule should be interpreted to prevent the loss of the right to appeal, not to facilitate loss. 435 U.S. at 386, 98 S.Ct. at 1121.

■ In the instant case, the "order" of May 17, 1985 is not an order but an opinion which explains over the course of three pages the reasons for the trial court's decision. The lack of a separate document is not offset by the fact that this "order" was entered in the docket. At the end of this opinion, in a single sentence, the trial court ordered no relief to the Appellants. A combination opinion and order violates the separate document rule. *Calhoun v. United States, supra*, 647 F.2d at 9.

■ The Appellants did not waive the separate document rule. The appellants correctly noted that the order of May 17 was not a final judgment. They made a Motion for Final Judgment. *See Phan v. Friedes*, 91 F.R.D. 408, 410 (N.Ill.1980). They then filed a timely appeal from the second order which was labelled a final order by the trial court. This is the antithesis of a waiver.

■ The Panel notes that the bankruptcy court clerk did not provide the parties with proper *notice* of the entry of the June 17, 1985 order. The clerk sent the parties a copy of the order which stated the date it was signed and the date it was mailed. However, there was no indication as to when the order was entered. An order is not effective until it is entered. Bankruptcy Rule 9021(a). Simply mailing a copy of an order, which does not show the date of entry, fails to inform the parties of the date from which their time for appeal begins to run. Bankruptcy Rule 9022(a) requires the clerk to immediately mail a *notice of the entry* of the order to the parties. To also mail a copy of the order is optional. This failure has no effect on this appeal, since lack of notice of the entry of an order does not stay the time for taking an appeal. Bankruptcy Rule 9022(a).

■ We find that the second order of June 17, 1985 meets the requirements of the separate document rule. Fed.Rules of

Civ.Proc. 54(a) and 58. To hold otherwise would impede and not facilitate the right to appeal.

### B. *A Contract For Deed is Not an Executory Contract*

The crux of the Appellants' argument is that they were entitled to notice, as interested parties, before the Debtor's interest in this contract was sold because a Contract for Deed is an executory contract. We hold that it is not.

▌ Whether a contract is executory is a question of federal law. *In re Alexander*, 670 F.2d 885, 888 (9th Cir.1982); *In re Cochise College Park, Inc.*, 703 F.2d 1339, 1348 fn. 4 (9th Cir.1983).[1]

In drafting the Code, Congress did not define the term "executory contract." The Supreme Court, citing the legislative history, has characterized an executory contract as one "on which performance is due to some extent on both sides." *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 522 n. 6, 104 S.Ct. 1188, 1194 n. 6, 79 L.Ed.2d 482 (1984). The legislative history reflects that:

> A note is not usually an executory contract if the only performance that remains is repayment. Performance on one side of the contract would have been completed and the contract is no longer executory.

H.R.Rep. No. 95–595, p. 347 (1977); S.Rep. No. 95–989, p. 58 (1978); U.S.Code Cong. & Admin. News 1978, pp. 5787, 5844, 6303. This definition is substantially the same as

that of Professor Countryman which has been adopted by the Ninth Circuit. *See In re Alexander, supra*, 670 F.2d at 887. Under this definition executory contracts are those in which the obligations of both parties are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other. Countryman, *Executory Contracts in Bankruptcy: Part 1*, 57 Minn.L.Rev. 439, 460 (1973); *In re Pacific Exp., Inc.*, 780 F.2d 1482, 1487 (9th Cir.1986).

Several courts have held that a Contract for Deed is not an executory contract. *In re Adolphsen*, 38 B.R. 776, 778 (Minn. 1983); *Matter of Cox*, 28 B.R. 588, 591 (Idaho 1983); *In re Booth*, 19 B.R. 53, 58 (Utah 1982); and *In re Britton*, 43 B.R. 605, 607 (E.Mich.1984). *Contra: Shaw v. Dawson*, 48 B.R. 857, 862 (D.N.M.1985); *In re Roman Crest Fruit, Inc.*, 35 B.R. 939, 948 (S.N.Y.1983).[2] Although this question is one of first impression before the Panel, we decided a similar question in *Matter of Rojas*, 10 B.R. 353, 355 (9th Cir. BAP 1981). There, we found that a secured installment purchase contract for a truck was not an executory contract. *See also In re Pacific Exp., Inc., supra*, 780 F.2d at 1487–88. The same rationale applies in this case.

Contracts for Deeds are merely a financing arrangement for a sale which has already occurred. The vendor retains legal title only as security for the price. Since the deed was placed in escrow prior to the commencement of bankruptcy proceedings, the Debtor had fully performed.[3] As a

---

**1.** Interestingly, it is the Appellees who argued that the question of whether a contract is executory or not is to be decided under state law. If it were, the Appellees would apparently not prevail, since under Montana law a Contract for Deed is an executory contract. *Dobitz v. Oakland*, 172 Mont. 126, 561 P.2d 441, 443 (1977). Of course, the question of the consequence of a party's breach of a contract is a question of state law. *In re Cochise College Park, Inc., supra*, 703 F.2d at 1348. However, the contract in this case was not breached.

**2.** It should be noted that the court in *Shaw v. Dawson*, held that state law determines whether a contract is executory. 48 B.R. at 861. Under

New Mexico law a Contract for Deed is not a mere security device but is an executory contract. The court in *Roman Crest* held that a Contract for Deed is executory even though all that remained for the debtor was to turn over possession of the property at closing. 35 B.R. at 948.

**3.** The Eighth Circuit Court of Appeals has held that "an escrow is something more than a contract—it is a method of conveying property." *Matter of Newcomb*, 744 F.2d 621, 624 (8th Cir. 1984). It further found that the obligation of an escrow agent to turn over funds does not make a contract executory. Unless the escrow can otherwise be avoided, property in escrow is not

practical matter, the vendor performs no duties after the execution and deposit of title documents with the escrow agent. The vendor cannot terminate the agreement and recover possession of the property unless there is a material breach by the buyer. *Matter of Newcomb, supra,* 744 F.2d at 624.[4] Unless a contract is executory on both sides, it cannot be an executory contract.

The court in *In re Adolphsen, supra,* 38 B.R. 776, found that a Contract for Deed was not an executory contract even where the deed was not placed in escrow but was retained by the vendor as security until the purchase price was paid. The court reasoned that a Contract for Deed paralleled a note. The vendor, like a lendor, merely awaits repayment. The fact that a vendor retains legal title and must in the future "convey it to the debtors does not render the contract executory any more than the duty of the holder of a promissory note to return the note when the debt is satisfied makes it executory." 38 B.R. at 778.

■ This Court does not hold that Contracts for Deed can never be executory.[5] We hold only that where the debtor has already placed the deed in escrow and has no other material obligations to perform, a Contract for Deed is not executory.[6] Since this contract was not executory, the Appel-lants were not entitled to notice of its sale under 11 U.S.C. § 365(i) or (j) or under Rule 6006.

■ The Appellants have argued in the alternative that even if a Contract for Deed is not executory, they are entitled to notice as creditors or as indenture trustees under 11 U.S.C. §§ 101(9), 101(4), and 101(25). Such a status would entitle the Appellants to notice under Bankruptcy Rule 6004(c) when a vendor's interest in a Contract for Deed is sold other than in the ordinary course of business. 11 U.S.C. § 363. However, for purposes of bankruptcy law, the Appellants are the equitable owners of the property. *See Matter of Jones,* 768 F.2d 923, 928 (7th Cir.1985). It is the vendor whose interest is equivalent to that of a lien. *Matter of Cox, supra,* 28 B.R. at 590; *In re Booth, supra,* 19 B.R. at 58. Thus, no notice to Appellants was required. A sale by the trustee of a lien owned by the Debtor's estate would not require that notice be given to the party whose property the lien is against. All that the Appellants have lost is an expectancy that they could buy the vendor's interest in the Contract for Deed and profit thereby. Certainly the Appellants could have protected this expectancy by simply requesting special notice.

---

considered property of the estate. 744 F.2d at 624.

**4.** The assignment of the vendor's rights in this contract does not prejudice the Appellants as purchasers. Under Montana law an assignee can take no greater right in a contract than the assignor had. Mont.Code Ann. § 31–2–212. *See also, Massey-Ferguson Credit Corp, v. Brown,* 173 Mont. 253, 567 P.2d 440, 441–42 (1977). Although the Debtor's rights in the contract were transferred, the Debtor's estate remains liable for any breach of the contract. *Kintner v. Harr,* 146 Mont. 461, 408 P.2d 487, 497 (1965). It should be noted that the Appellants are not asking to dissolve the contract, only that they should have been accorded a noticed opportunity to buy the contract.

**5.** An example of an executory Contract for Deed existed in *In re Cochise College Park, Inc., supra,* 703 F.2d at 1345. Therein, the trustee had to construct various improvements on the land as well as to convey title. In *In re Alexander, supra,* 670 F.2d at 886, the seller had yet to give up possession or to convey title.

**6.** In the instant case there is an option clause that allows the Appellants to buy an additional piece of property at a set price. While option contracts are generally executory contracts until the option is exercised, the Appellants have not provided this Panel with any evidence that the property covered by the option is still in the estate. The responsibility to provide a complete record on appeal lies with the Appellants. *In re Payeur,* 22 B.R. 516, 519 (1st Cir. BAP 1982). This issue was not addressed in the briefs and arose only on oral argument. Further, there is no evidence in the record that this argument was presented to the trial court. Generally, issues should not be raised for the first time on appeal. *United Continental Tuna Corp. v. United States,* 550 F.2d 569, 574 (9th Cir.1977).

For all of the reasons given above, we AFFIRM.[7]

---

7. Given our disposition of this appeal, we find it unnecessary to decide whether this appeal should be considered moot because of the Appellants' failure to obtain a stay pending appeal. *But see In re Lovitt,* 757 F.2d 1035 (9th Cir. 1985).