**In re Paul Thurman HARDIE, SS#: 246–48–0748 Dora Lee Hardie, SS#: 250–62–0358, Debtors.**

**Bankruptcy No. 89–00434–S07.**

United States Bankruptcy Court, E.D. North Carolina.

June 7, 1989.

Carol A. Morrison, Fayetteville, N.C., for debtors.

Richard M. Stearns, Kinston, N.C., for trustee.

### MEMORANDUM OPINION AND ORDER ALLOWING REJECTION OF EXECUTORY CONTRACT

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the "Motion for Rejection of Executory Contract"

filed by the chapter 12 debtors on April 20, 1989. After proper notice, a hearing was held in Raleigh, North Carolina, on May 24, 1989.

In 1988, Paul and Dora Hardie signed a contract which gave William and Elizabeth Phipps an option to purchase for $65,000 property owned by the Hardies located in Columbus County, North Carolina. The contract provides that the option is to remain open until June 29, 1989. The contract also requires the Hardies, if Mr. and Mrs. Phipps exercise their option, to remove a burned house structure from the premises or else to reimburse Mr. and Mrs. Phipps for the cost of removing that structure.[1] Mr. and Mrs. Hardie filed their petition for relief under chapter 12 of the Bankruptcy Code on February 16, 1989. Apparently, Mr. and Mrs. Phipps have not taken any formal action to exercise their purchase rights under the option contract.[2] The debtors now seek to reject that option contract pursuant to 11 U.S.C. § 365 because they believe they can obtain a higher purchase price than the $65,000 set forth in the option contract and because they believe that obtaining a higher purchase price may be essential to their prospects for a successful reorganization.

■ Section 365(a) of the Bankruptcy Code provides that a trustee, subject to the court's approval, may assume or reject an executory contract. A chapter 12 debtor in possession has the same right to assume or reject under § 365 as the trustee. *See* 11 U.S.C. § 1107(a) and § 1203; *Shaw v. Dawson*, 48 B.R. 857, 859 (D.N.M.1985); *In re Murtishi*, 55 B.R. 564, 566 (Bankr.N.D.Ill. 1985). The right of a debtor in possession to reject certain contracts is fundamental to the bankruptcy system because it provides a mechanism through which severe financial burdens may be lifted while the debtor attempts reorganization. *See In re Sun City Investments, Inc.*, 89 B.R. 245, 248 (Bankr.M.D.Fla.1988). The purpose of

§ 365 is to enable a troubled debtor to take advantage of a contract that will benefit the estate by assuming it or, alternatively, to relieve the estate of a burdensome contract by rejecting it. *In re Norquist*, 43 B.R. 224, 225 (Bankr.E.D.Wash.1984). When an executory contract is rejected, the nondebtor party is entitled to treat the rejection as a breach and to file a claim for monetary damages. *See* 11 U.S.C. § 365(g) and § 502(g); *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1048 (4th Cir.1985), *cert. denied*, 475 U.S. 1057, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986).

■ A contract may be rejected pursuant to § 365 only if it is executory. A contract is executory if performance is due to some extent on both sides. *Lubrizol*, 756 F.2d at 1045. The Fourth Circuit has adopted Professor Countryman's more specific test under which a contract is executory if the obligations of both the debtor and the other party to the contract are so far unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other. *Id.* The contingency of an obligation does not prevent it from being executory under § 365. *Id.* at 1046.

■ Most cases which have addressed the issue of whether a real estate sale contract is an executory contract under § 365 have involved installment sale contracts where the purchaser has already taken possession of the property, rather than a purchase option contract where the option has not been exercised. When a long term real estate installment sales contract is at issue and the debtor is the purchaser, the *debtor* will generally be arguing that the contract is non-executory because it is easier for the debtor to retain the property in question if the installment sale contract is treated as a security device, subject to modification under the Bankruptcy Code, rather than an executory contract which

---

1. At the hearing held on May 24, 1989, the attorney for Mr. and Mrs. Phipps stated that they would no longer require the Hardies to remove the burned house structure.

2. The contract provides that the option may be exercised "by hand delivery or deposit of written notice by certified or registered mail." No evidence was presented that the option was exercised in accordance with these terms.

may be assumed, but not modified, against the will of the nondebtor party. *See In re McDaniel*, 89 B.R. 861, 863–864 (Bankr.E. D.Wash.1988).

There is a split of authority on the question of whether a real estate installment sale contract is executory within the meaning of § 365, *see McDaniel*, 89 B.R. at 870, n. 5, for a list of cases on both sides of the issue; those courts which have accepted the debtor's position that the contract is not executory have generally done so on the grounds that the installment contract is serving the function of a mortgage. *E.g., In re Rehbein*, 60 B.R. 436 (9th Cir. BAP 1986); *In re Bertelsen*, 65 B.R. 654 (Bankr. C.D.Ill.1986); *In re Britton*, 43 B.R. 605 (Bankr.E.D.Mich.1984); *In re Booth*, 19 B.R. 53 (Bankr.D.Utah 1982). In *McDaniel*, 89 B.R. at 869–876, the court provides a detailed and persuasive argument that the question of whether an option purchase agreement is executory is a distinct issue from the question of whether a long term real estate installment sales contract is executory because of the mortgage characteristics of the latter type of agreement.[3] This court therefore attaches little weight in the present case to those decisions which have accepted a debtor's argument that an installment real estate sale contract under which the debtor had already acquired possession of the property is not an executory contract which must be assumed or rejected under § 365.

Most courts have held that a land sale contract is executory when the debtor-vendor has not yet conveyed or been ordered to convey title. A case very much on point is *In re Waldron*, 36 B.R. 633 (Bankr.S.D. Fla.1984), *rev'd on other grnds*, 785 F.2d 936 (11th Cir.1986),[4] in which the bankruptcy court held that an option to purchase real estate which the debtors had given a prospective purchaser prepetition was an executory contract which the debtors could reject pursuant to § 365. The bankruptcy court held that the debtors had the continuing obligation under the contract to forebear from revoking their offer to sell and the prospective purchaser had the unperformed obligations remaining of tendering its acceptance of the offer and then complying with the terms of purchase. In *In re Coordinated Financial Planning Corp*, 65 B.R. 711 (9th Cir. BAP 1986), the court, while noting that the bankruptcy court's decision in *Waldron* had been reversed, cited with approval the court's holding in that case that an option contract to purchase real estate was an executory contract subject to rejection. The Ninth Circuit Bankruptcy Appellate Panel applied this reasoning to hold that a right of first refusal for the purchase of real property given by the debtor was an executory contract within the meaning of § 365. *See also In re G–N Partners*, 48 B.R. 462 (Bankr.D.Minn.1985), in which the court held that an option contract in which the debtor was the prospective purchaser was executory in view of the purpose behind § 365 of allowing the debtor's estate to assume those agreements which are beneficial and to reject those which are not. "[O]ption contracts are generally executory

---

**3.** The court in *McDaniel* notes that Professor Countryman, whose seminal definition of an executory contract has been adopted by the Fourth Circuit, has taken the position that a real estate sale contract is executory when a material part of the purchase price is still owed and when the vendor has not transferred title and is not obligated to do so until the price is fully paid. The court in *McDaniel* observed that the cases relied upon by Professor Countryman in support of this position involved contracts which were in the nature of earnest money or option agreements, rather than long term installment contracts. The court in *McDaniel* concluded that Professor Countryman's analysis had not been intended to apply to the situation where the purchaser had acquired an ownership interest in the property by virtue of an install-

ment contract which has the attributes of a mortgage.

**4.** The Eleventh Circuit in *Waldron* reversed the bankruptcy court's finding that the debtors' bankruptcy petition should not be dismissed on grounds of bad faith; the Eleventh Circuit found that bad faith was established when the debtors were financially secure and without any debts and had filed their chapter 13 petition for the sole purpose of rejecting the option agreement in order "to enhance their financial coffers." 785 F.2d at 940. In the present case, there has been no allegation that the debtors' petition should be dismissed because it was filed in bad faith.

contracts until the option is exercised ..." *In re Rehbein*, 60 B.R. 436, 441, n. 6 (9th Cir. BAP 1986). Several other courts have held that a land sale contract which the debtor-vendor sought to reject was executory even when the purchase price due under the contract had been tendered, but when neither title nor possession had been transferred and no order for specific performance had been entered.[5] *In re Alexander*, 670 F.2d 885 (9th Cir.1982); *In re W. & L. Associates, Inc.*, 71 B.R. 962 (Bankr.E.D.Pa.1987).

Mr. and Mrs. Phipps argue that, because they would be entitled to specific enforcement of the option contract, that contract is not executory and cannot be rejected under § 365, citing *In re Lewis*, 94 B.R. 789 (Bankr.D.Mass.1988). However, in *Lubrizol*, 756 F.2d at 1048, the Fourth Circuit specifically held that a contract could be subject to rejection under § 365 even if the remedy of specific performance for breach of that contract would be available were it not for the § 365 rejection.[6]

There is also language in *Lubrizol* indicating that a contract is not executory if one of the parties' only obligation is to make fixed payments. *Id.* at 1046. In the present case, Mr. and Mrs. Phipps have the additional unperformed obligation of tendering their acceptance of the offer. "An option is not a contract to sell, but it is transformed into one upon acceptance by the optionee in accordance with its terms. It then becomes specifically enforceable as a contract to convey if it is otherwise a proper subject for equitable relief." *Kidd v. Early*, 289 N.C. 343, 352, 222 S.E.2d 392 (1976) (citations omitted). "The unexercised option does not create the relationship of vendor and purchaser, and the optionee has no interest in the land legal or equitable, but only an *in rem* right to exercise the option." P. Hetrick & J. McLaughlin, *Webster's Real Estate Law in North Carolina* § 135, p. 172 (3rd ed. 1988) This court is of the opinion that the option contract in the present case is executory within the meaning of § 365.

Once a contract is determined to be executory, rejection is proper if it would be advantageous to the debtor's estate. *Lubrizol.* The court should defer to a debtor's decision that rejection of a contract would be advantageous unless the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim. *Id.* Because there is nothing in the record to suggest that the debtors' desire to reject their option contract with Mr. and Mrs. Phipps is not based upon sound business judgment, the court is of the opinion that rejection should be approved. Accordingly,

IT IS HEREBY ORDERED that the motion of chapter 12 debtors for authority to reject their option contract with William and Elizabeth Phipps is ALLOWED.

---

5. Some courts have held that the entry of a judgment for specific performance requiring the debtor-vendor to convey title to the property is a significant event which renders the sale contract non-executory. *See In re Roxse Homes, Inc.*, 74 B.R. 810, 815–18 (Bankr.D.Mass.1987), *aff'd*, 83 B.R. 185 (D.Mass.1988), *aff'd*, 860 F.2d 1072 (1st Cir.1988); *In re Pribonic*, 70 B.R. 596 (Bankr.W. D.Pa.1987); *In re Kendall Grove Joint Venture*, 46 B.R. 531 (Bankr.S.D.Fla.1985), *aff'd*, 59 B.R. 407 (S.D.Fla.1986). No judgment for specific performance has been obtained in the present case.

6. In support of this proposition, the *Lubrizol* court cited with approval the bankruptcy court decision *In re Waldron*, 36 B.R. 633 (Bankr.S.D. Fla.1984), *rev'd on other grnds*, 785 F.2d 936 (11th Cir.1986), the case discussed *supra* in this opinion in which it was held that an option to purchase real estate was an executory contract. *Lubrizol* was decided before the bankruptcy court's decision in *Waldron* was reversed by the Eleventh Circuit on an issue not directly related to § 365.