In re HEWARD BROTHERS,
a partnership, Debtor.

**Bankruptcy No. 97–01204.**

United States Bankruptcy Court,
D. Idaho.

June 26, 1997.

Brent T. Robinson, Ling, Nielsen and Robinson, Rupert, ID, for Debtor.

Ron Kerl, Service, Gasser & Kerl, Pocatello, ID, for AgAmerica, FCB.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

*Background.*

Before the Court for disposition is the motion of AgAmerica Bank, successor to Farm Credit Bank of Spokane (hereafter "FCB"), to compel Debtor, Heward Brothers Family Partnership, to assume or reject an installment land sale agreement (the "Contract") as an executory contract. Debtor objected to the motion contending that the Contract is not executory within the meaning of Section 365 of the Bankruptcy Code. A hearing on the motion and objection was held on May 22, 1997, at which time the Court took the issues under advisement. After review, the following are the Court's findings of fact and conclusions of law. F.R.B.P. 7052.

*Facts.*

On March 22, 1990, FCB agreed to sell a 320 acre farm located in Cassia County, Idaho, to Debtor for $165,000. Debtor agreed to pay FCB $41,250 at the time of purchase, and the remainder of the purchase price in annual installments. The Contract provides that FCB remain the record owner of the property until Debtor makes the final payment, at which time FCB is required to provide Debtor a warranty deed to the property. A title insurance policy was purchased for Debtor, and a memorandum of contract was recorded, both at the inception of the Contract.

Debtor made the down payment of $41,250 and six annual installments. While Debtor still owes FCB over $120,000 on the purchase price, the parties have stipulated that Debtor has $80,000 in equity in the property. Debtor did not pay the March 1, 1997, installment, and on April 23, 1997, filed for Chapter 11 relief.

*Arguments of the Parties.*

Executory contracts receive special treatment in bankruptcy cases. If a contract is "executory" for purposes of the Bankruptcy Code, a debtor may preserve it's rights under the contract solely by assuming it and performing it's terms, only after curing any default existing at the time the bankruptcy case was filed, and providing the other party to the contract with adequate assurance of the debtor's future performance of the contract. 11 U.S.C. §§ 365(a), (b)(1). As compared to most security agreements, for example, if a contract is executory, a Chapter 11 debtor's right to modify it's terms in a Chapter 11 reorganization plan is extremely limited by the statutes. Upon request, the Court may fix a deadline by which a debtor must assume or reject the contract. 11 U.S.C. § 365(d)(2).

FCB asserts it's installment land sales contract with Debtor is an executory contract for the purposes Section 365. Debtor argues that the Contract is not executory, but is instead a secured financing device, analogous to a mortgage. Debtor seeks an opportunity to modify the terms of the Contract through it's forthcoming reorganization plan.

*Discussion.*

 The Bankruptcy Code contains no precise definition of an executory contract. The legislative history to Section 365, tersely provides that an executory contract is a contract on which performance remains due to some extent on both sides. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 347 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 58 (1978), *reprinted in* 1978 U.S.C.C.A.N 5787, 5844, 5963, 6303. The Ninth Circuit uses the widely referenced "Countryman" definition for guidance in determining whether a contract is executory for bankruptcy purposes. *See, e.g., In re Robert L. Helms Constr. & Dev. Co. Inc.*, 110 F.3d 1470, 1472 (9th Cir.1997) (citations omitted). Under Countryman

> [a contract is executory if] the obligations of both parties are so far unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other.

*Id.* at 1472 n. 2 (citations omitted). While the determination of whether a contract is executory for bankruptcy purposes is a matter of federal law, whether a party's failure to perform it's remaining obligations under a contract constitutes a material breach is an issue of state contract law. *In re Texscan Corp.*, 976 F.2d 1269 (9th Cir.1992); *In re Wegner*, 839 F.2d 533 (9th Cir.1988). *See generally Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("[D]etermination of property rights in assets of a bankrupt's estate left to state law.").

However, the Ninth Circuit has also created an exception to the general rule that the Countryman definition controls whether a contract is executory for bankruptcy purposes. *In re Pacific Express, Inc.*, 780 F.2d 1482 (9th Cir.1986). There the Court declined to apply Countryman to a security agreement disguised as a lease. The court held that

> [a] "lease" which is really a disguised security agreement does not require assumption or rejection under section 365. Courts have declined to apply section 365 to security agreements, even where those agreements have taken on the surface formalities of contracts or unexpired leases

that might otherwise come within the apparent reach of that section. [citations omitted]

> The conclusion that section 365 does not apply to a security interest disguised as a lease makes sense. Otherwise, Congress' grant of avoiding powers under section 544 and other sections of the Bankruptcy Code would conflict with it's mandate under section 365. Both are designed to protect and conserve the [debtor's] estate.

*In re Pacific Express*, 780 F.2d at 1487. *Pacific Express* has not been overruled by subsequent decisions, evidently remaining good law today. In addition, the Ninth Circuit Bankruptcy Appellate Panel applied the same reasoning to an installment land sale contract, where the seller places a deed in escrow, in *In re Rehbein*, 60 B.R. 436, 440–441 (9th Cir.BAP 1986).

Nationwide, there is a distinct division of authority on the issue presented by this case, whether an installment land sale contract is an executory contract for purposes of the Bankruptcy Code. *Compare In re Streets & Beard Farm Partnership*, 882 F.2d 233 (7th Cir.1989) (treating installment land sale contract as a security device, not an executory contract), *and In re Rehbein*, 60 B.R. 436 (9th Cir.BAP 1986) (same), *and In re Vinson*, 202 B.R. 972 (Bankr.S.D.Ill.1996) (same), *and In re Kratz*, 96 B.R. 127 (Bankr. S.D.Ohio 1988)(same), *and In re McDaniel*, 89 B.R. 861 (Bankr.E.D.Wash.1988)(same), *and In re Fox*, 83 B.R. 290 (Bankr.E.D.Pa. 1988)(same), *and In re Sennhenn*, 80 B.R. 89 (Bankr.S.D.Ohio 1987) (same), *and In re Britton*, 43 B.R. 605 (Bankr.E.D.Mich. 1984)(same), *and In re Booth*, 19 B.R. 53 (Bankr.D.Utah 1982) (same), *with In re Speck*, 798 F.2d 279 (8th Cir.1986) (viewing installment land contracts as executory), *and In re Scanlan*, 80 B.R. 131 (Bankr.S.D.Iowa 1987) (same), *and In re Aslan*, 65 B.R. 826 (Bankr.C.D.Cal.1986) (same), *and Shaw v. Dawson*, 48 B.R. 857 (D.N.M.1985) (same), *and In re Anderson*, 36 B.R. 120 (Bankr. D.Haw.1983) (same). The critical component in the reasoning of each of the various decisions concerns whether the Countryman definition should be mechanically applied in every instance to determine if the land sale

contract is executory under Section 365. In each case where Countryman is imposed literally, the land sale contract is found to be executory.

The other cases find the particular installment land sale contract to be a security device, and therefore, not subject to Section 365. Instead, as a threshold, these decisions conclude that Section 365, as a matter of federal bankruptcy law and policy, simply does not apply to security agreements, even if the parties to those agreements had some future performance due under the contracts.

■ As the Ninth Circuit has recognized, taken literally, the Countryman definition would render almost all agreements executory since it is the rare contract indeed that does not encompass *some* unperformed obligations on each side.[1] Because of this, rote classifications of contracts under Countryman should be avoided. Rather, the individual characteristics of each contract should be analyzed under the peculiar facts of each bankruptcy case in order to determine whether the contract is executory. *In re Robert L. Helms Constr. & Dev. Co., Inc.,* 110 F.3d 1470 (9th Cir.1997). And, as explained in *Pacific Express,* it makes better sense to find that Section 365 does not apply to the real estate contract which in reality is merely a security device. This Court also long ago recognized that many installment land sale contracts will not be eligible for protection as executory contracts under Section 365. *In re Cox,* 83 I.B.C.R. 45 (Young, J.).[2]

■ Under the Ninth Circuit approach, given the facts of this case, and considering relevant state law, the outcome is clear. Under Idaho law, when the parties entered their contract, Debtor became the equitable owner of the farm property under the time-honored doctrine of equitable conversion. *Holscher v.*

*James,* 124 Idaho 443, 860 P.2d 646 (1993); *Rush v. Anestos,* 104 Idaho 630, 661 P.2d 1229 (1983). Debtor was entitled to immediate possession and use of the property with all the benefits of ownership. Likewise, Debtor assumed all responsibilities for the property including the duty to maintain the property, and to pay relevant taxes and assessments. Simply put, Debtor was the owner of the farm in all respects, except that legal title to the property remained vested in FCB. FCB, on the other hand, has but one obligation to perform under the contract: to transfer legal title to Debtor upon completion of the Contract payments.

Under Idaho law, if upon default by the buyer, the equity subject to forfeiture under an installment land contract exceeds the seller's reasonable damages suffered on account of the buyer's breach, the contract must be foreclosed in the same manner as a mortgage through judicial sale. *See, e.g., Thomas v. Klein,* 99 Idaho 105, 577 P.2d 1153 (1978). Here, the parties have agreed that Debtor has $80,000 in equity over and above the balance due to FCB, a fact which suggests that a strict forfeiture under the contract may not be available to FCB upon Debtor's default.

In addition to the duty to physically tender a deed to Debtor, FCB stresses that it's obligation to convey "marketable" title is a critical future obligation in this case, constituting the Contract executory. *See, Brown v. Yacht Club of Coeur d'Alene, Ltd.,* 111 Idaho 195, 722 P.2d 1062 (Ct.App.1986) (holding that a marketable title is one free and clear of all encumbrances). The Court is not persuaded. While it is true FCB could cloud title to this property during the term of the agreement, the likelihood of this seems remote. FCB, an institutional lender and part of the federal farm credit system, offers no

---

1. For example, even in the case of the classic land sale secured by a mortgage, at the conclusion of the buyer's payments, the seller is obliged to tender a satisfaction or release of the mortgage, the failure to do so likely constituting an actionable breach of contract. *Dohrman v. Tomlinson,* 88 Idaho 313, 399 P.2d 255 (1965); Idaho Code § 45–915 (providing for penalties upon failure to release a satisfied mortgage).

2. FCB criticize's Judge Young's analysis in *Cox* as unfaithful to the Countryman definition, now the acknowledged law in this Circuit. However, while his approach may not have had the benefit of more recent case authorities on the subject, his conclusion remains sound. Where the seller under the contract has no obligation except to convey title upon completion of the buyer's payments, the seller merely holds a security interest, and the contract is not executory for bankruptcy purposes. *In re Cox,* 83 I.B.C.R. at § 46–47.

facts to show the circumstances under which it may, or it's motivation to, cloud Debtor's title. To the contrary, by obtaining a title insurance policy for Debtor at closing showing the property free and clear of encumbrances, and by recording a public notice of the existence of Debtor's rights under the Contract to gain the protection for Debtor of the recording acts, the notion that FCB will be tempted to wrongfully breach it's contract and encumber this property deserves little credence. Every indication in the record is that FCB does not intend to encumber the property. Therefore, under these facts, the obligation not to cloud title is hardly the sort of "performance" that Congress had in mind when it enacted the special protections of Section 365 of the Bankruptcy Code.

In reaching this decision, the Court does not hold that all installment land sale contracts are security devices. As observed above, this is a fact-specific inquiry. Each contract must be analyzed based upon it's own terms to see if the obligations created therein amount to more than a mere security device. For example, in the contract in *In re Cochise College Park, Inc.*, 703 F.2d 1339 (9th Cir.1983), the seller had obligations remaining that were not related to security for payment of the purchase price. There, the seller was required to construct a subdivision on the property in question, clearly constituting an appropriate basis to render the contract executory. Another good example is *In re Frontier Properties, Inc.*, 979 F.2d 1358 (9th Cir.1992). In that case, the seller not only retained title under the contract, but also agreed to pay off the underlying debt on the property, and to pay insurance, taxes and assessments. *Id.* at 1365.

When the seller has remaining obligations not related to the security function served by the typical title-retaining land sales contract, the contract is more than a mere security device, and application of the Countryman test is appropriate. But where, as here, the remaining "obligations" of the seller amount solely to the ministerial duty inherent in all security agreements in connection with releasing the lien upon full payment, the contract is a security device and Section 365 does not apply.

FCB also argues that the Contract is executory because the parties so contracted. However, this Court is not bound by the contract's terms. Generally, a prepetition agreement to waive a benefit of bankruptcy is void as against public policy. *See Fallick v. Kehr*, 369 F.2d 899 (2d Cir.1966) (prepetition agreement to waive benefit of bankruptcy not specifically enforceable); *In re Freeman*, 165 B.R. 307 (Bankr.S.D.Fla.1994) (same); *In re Dawson*, 162 B.R. 329 (Bankr. D.Kan.1993) (same); *In re Adkins*, 151 B.R. 458 (Bankr.M.D.Tenn.1992) (same); *In re Minor*, 115 B.R. 690 (D.Co.1990) (same); *In re Carbia*, 113 B.R. 761 (Bankr.S.D.Fla.1990) (same). Accordingly, this Court looks beyond the parties' agreement, and examines the Contract's true nature under applicable law to determine whether it is in fact executory.

## Conclusion.

While the Countryman definition of executory contracts is the applicable law in this Circuit, the Ninth Circuit, as well as cases from other jurisdictions, recognize an exception to the mechanical application of that test for those contracts which are in reality security agreements. Under Idaho law and these facts, FCB as seller under the installment land sales contract holds title merely as security for Debtor's performance. Because the Contract is in essence a security agreement, the Contract is not executory for purposes of Section 365, and the Court concludes that FCB's motion to require Debtor to assume or reject the contract as executory should be denied. A separate order will be entered.