In re Albert G. GARLAND, Debtor.

**Albert G. Garland, Appellant,**

**v.**

**Estate of Merrill Maloney and Sharon Maloney, Appellees.**

**BAP No. NV–02–1384–KBuB.**
**Bankruptcy No. 01–33620–gwz.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 22, 2003.

Memorandum Filed March 17, 2003.

Revised and Redesignated as an Opinion Filed May 19, 2003.

Geoffrey L. Giles, Reno, NV, for Albert G. Garland.

Before KLEIN, BUFFORD[1], and BRANDT, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

The debtor appeals from the denial of his motion to vacate the order dismissing his bankruptcy case. Applying the separate document requirement of Federal Rule of Bankruptcy Procedure 9021, which incorporates Federal Rule of Civil Procedure 58, we AFFIRM and publish to draw attention to the poorly understood requirements for preparing an effective form of judgment in federal civil practice.

## FACTS

Appellant Albert Garland ("Garland") filed a bankruptcy case on October 18, 2001.

At a hearing on a creditor's motion to dismiss, the court orally stated its intention to dismiss the case and authorized movant's counsel to prepare the requisite order.[2]

Movant's counsel prepared an "order" putatively dismissing the case and lodged it more than two months after the hearing. It was entered on docket May 23, 2002 ("May 23 Order"), contained four pages of text explaining why the case should be dismissed, and did not end with the unambiguous words of command that are characteristic of an order. No notice of entry of an order dismissing the case was given until after July 8, 2002.

After Garland's residence was sold at a June 12 foreclosure sale, he filed a motion to set aside the May 23 Order, urging that its entry was a surprise as his counsel had not approved its form per local rule and that it should not be effective because he did not have notice that it had been entered.

The order on appeal is the court's July 8 minute order ("July 8 Order") denying Garland's motion to set aside the May 23 Order. No issue relating to the merits of the dismissal is addressed in this appeal.

Garland believes that the validity of the foreclosure sale would be affected if he can have the May 23 Order set aside.

## JURISDICTION

The bankruptcy court had jurisdiction via 11 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 11 U.S.C. § 158(a)(1).

## ISSUE

When did the dismissal order become effective?

---

1. Hon. Samuel L. Bufford, Bankruptcy Judge for the Central District of California, sitting by designation.

2. "THE COURT: So for all of those reasons that I have stated orally pursuant to Federal Rule of Bankruptcy Procedure 7052 that incorporates Federal Rule of Civil Procedure 52, I am going to grant the motion to dismiss filed by creditors Maloney." Transcript of Hearing, March 11, 2002, at 73.

## STANDARD OF REVIEW

■ When a dismissal order becomes effective is a question of law that we review *de novo. Yaden v. Robinson (In re Robinson)*, 241 B.R. 447, 448 (9th Cir. BAP 1999).

## DISCUSSION

We cannot resolve this appeal without first ascertaining the relation of the order on appeal to the dismissal of the case; when we do so, the dispositive issue emerges.

In ascertaining when the bankruptcy case was effectively dismissed, we begin by assessing the efficacy of the May 23 Order in light of the separate order requirement and then consider whether the July 8 Order cured the defect.

### I

Garland contends that the bankruptcy court erred in refusing to vacate the May 23 Order and appears to be under the impression that it is necessary to vacate the May 23 Order in order to pull the carpet from under the subsequent June 12 foreclosure sale.[3]

However, as we shall explain, the May 23 Order did not satisfy the separate order requirement and was not effective to dismiss the case until the court entered its July 8 Order denying the motion to vacate the earlier order. Thus, it is unclear what

relief can be afforded Garland save for our declaration that the dismissal order was not effective until July 8.

### A

The line of analysis under the rules of procedure is straightforward.

A motion to dismiss a bankruptcy case is a "contested matter" to be resolved under Rule 9014. FED. R. BANKR. P. 9014.

The order resolving a Rule 9014 "contested matter" is a judgment that must comply with the requirements of Civil Rule 58. Specifically, Bankruptcy Rule 9021 provides that:

> Except as otherwise provided herein, Rule 58 F.R.Civ.P. applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth in a *separate document.* A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 F.R.Civ.P. to Rule 79(a) F.R.Civ.P. shall be read as a reference to Rule 5003 of these rules.

FED. R. BANKR. P. 9021 (emphasis supplied). The second sentence of Rule 9021 is merely a restatement of Civil Rule 58(a)(1), which provides that "[e]very judgment and amended judgment must be set forth on a separate document." FED. R. CIV. P. 58(a)(1).[4]

---

3. Garland's assumption that the foreclosure would be automatically invalidated if the May 23 Order was not effective may turn out to be heroic in light of the bankruptcy court's power to regulate the confusion in this type of situation by annulling the automatic stay and in light of the court's findings contained in the May 23 Order. 11 U.S.C. § 362(d).

4. The version of Rule 58(a)(1) that became effective December 1, 2002, after the operative dates of this appeal, enumerates five exceptions to the separate document rule [ (1) motion for judgment per Rule 50(b); (2) mo-

tion to amend or make additional findings of fact per Rule 52(b); (3) motion for attorney fees per Rule 54; (4) motion for new trial, or to alter or amend the judgment, per Rule 59; (5) motion for relief per Rule 60]. None of the excepted motions are independent "contested matters" under Rule 9014, but rather arise within other contested matters and adversary proceedings and are not resolved by Rule 58 judgments. The kind of order the May 23 document purports to be is not one of the exceptions.

■ It follows from the congruence of Rules 58 and 9021 that there is no difference between bankruptcy practice and general federal civil practice with respect to the proposition that a "judgment or order is not entered within the meaning of Fed. R.App. P. 4(a) unless it is entered in compliance with [Civil] Rules 58 and 79(a)." 16A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3950.2 (3d ed.1999), *citing Beaudry Motor Co. v. Abko Props., Inc.,* 780 F.2d 751, 753–56 & n. 3 (9th Cir.1986).

■ Under the version of Rule 58 that was in effect until November 2002 (which version applies in this instance), a judgment was not a judgment for purposes of Rules 58 and 9021 until it was in the form required by those rules. Moreover, it did not effect a dismissal until it was both in the form required by, and was entered in accordance with, the rules. Thus, under that version of Rule 58, a judgment that was not set forth in a separate document may have announced the court's decision and set forth findings of fact and conclusions of law, but did not become formally effective—ever.

The primary consequences of this state of affairs were that appeals were never late and that unwary counsel who prepared forms of judgment that did not become effective because they were not separate documents risked falling into a malpractice trap. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384–85, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

The problem was alleviated when Rule 58 was amended, effective December 1, 2002. Amended Rule 58 contains four subdivisions and terminates the indefinite status of non-conforming judgments after 150 days:

(b) Time of Entry. Judgment is entered for purposes of these rules:

. . . .

(2) if Rule 58(a)(1) requires a separate document, when it is entered in the civil docket under Rule 79(a) and when the earlier of these events occurs:

(A) when it is set forth on a separate document, or

(B) when 150 days have run from entry in the civil docket under Rule 79(a).

FED. R. CIV. P. 58(b) (as amended, December 1, 2002).

Thus, the new Rule 58 regime shrinks the indefinite malpractice trap to a 150-day malpractice trap, because a judgment not in the requisite separate document now automatically becomes effective 150 days after it is entered on docket. This new version of Rule 58 is, by virtue of the language of Rule 9021 directly incorporating Rule 58, applicable in bankruptcy.

This case, however, occurred under the former Rule 58 regime in which a purported judgment that was not on a separate document did not become effective until it was reflected on a separate document.

**B**

■ It is apparent that the May 23 Order did not comply with the separate document requirement of Rules 58 and 9021.

The May 23 Order that was prepared by appellee's attorney is four pages long. The putative order ambiguously states the court's rulings, includes multiple findings of fact and conclusions of law, and contains explanations about the procedural posture of the case as well as the court's reasoning behind its ruling. Moreover, it does not end with unambiguous words of command typical of an order and, instead, is more in

the nature of a memorandum decision or opinion.

Our adherence to the strictures of the separate document requirement is long-standing:

> Under Bankruptcy Rule 9021 a judgment in a contested matter must be set forth on a separate document. A separate document means one separate from an opinion or memorandum of the court. It is not permissible to label an opinion an order. An opinion contains the basis for the court's decision. An order is the court's disposition of the case granting or denying specific relief.

*Horton v. Rehbein (In re Rehbein)*, 60 B.R. 436, 439 (9th Cir. BAP 1986) (citations omitted).

Indeed, this appeal factually parallels *Rehbein*, in which we explained:

> In the instant case, the "order" ... is not an order but an opinion which explains over the course of three pages the reasons for the trial court's decision. The lack of a separate document is not offset by the fact that this "order" was entered in the docket. At the end of the opinion, in a single sentence, the trial court ordered no relief .... A combination opinion and order violates the separate document rule.

*In re Rehbein*, 60 B.R. at 439.

Although Rule 58 makes it ordinarily the responsibility of the court to prepare judgments, when counsel is directed to do so, counsel must do so in accordance with governing rules and bears the risk of defective compliance. Here, the party who will potentially be disadvantaged by the ineffectiveness of the May 23 Order to dismiss the case is the one who neglected to prepare an order in a form that could become effective. Moreover, while defects have occasionally been deemed waived, any argument that appellant waived the requirement of a separate document was lost with the failure to obtain the opposing counsel's approval of the order as to form.

As we are unable to distinguish this case from *Rehbein*, we must conclude that the May 23 Order was not an effective order. It was not entered in compliance with the separate document rule (there is no separate document) and under the terms of Rules 58 and 9021 did not effect a dismissal of the bankruptcy case.

That does not, however, end the analysis of whether the case has been dismissed.

## II

▪ Although the May 23 Order was not effective to dismiss the case, we conclude the dismissal became effective when the July 8 order was entered. This result follows regardless of whether we apply the old or the new version of Rule 58.

As previously explained, a judgment under the old version of Rule 58 became effective when it was on a separate document entered on the docket in accordance with the rules.

The new version of the same requirement is more specific in providing that a judgment becomes effective when it is entered in the civil docket under Rule 79(a) and either it is set forth on a separate document, or 150 days have run from entry on the civil docket under Rule 79(a). FED. R. CIV. P. 58(b)(2).

Thus, the conclusion that the May 23 Order did not comply with the separate document requirement and was not effective to dismiss the case leads us to search for an order that does comply with the separate document requirement.

Our search takes us to the July 8 Order, which (unlike the May 23 Order) was prepared by the court, and provided: "IT IS HEREBY ORDERED that Debtor's Motion to Set Aside Dismissal of Case is

**353**

DENIED." That order is on a separate document and leaves no ambiguity about whether the case is dismissed.

It follows from the analysis in *Beaudry* that the effect of the July 8 Order was to cure the defect by supplying the separate document required for entry of judgment on the court's dismissal of the bankruptcy case. The plain language of the July 8 Order informed Garland and his counsel that his "post-judgment motions had been ordered denied." *Beaudry,* 780 F.2d at 751 n. 3. This language makes clear, and is embodied in a separate document, that the court, by denying Garland's motion to vacate the dismissal, meant the July 8 Order to be the court's final word on the question of dismissal. *Id.*

■ It is ironic that the order resolving the motion that was designed to vacate the dismissal for a procedural reason turned out to be the order dismissing the case. As the merits of the dismissal have not been challenged in this appeal, any issues that relate to the merits of the dismissal have been waived. *Brooks v. City of San Mateo,* 229 F.3d 917, 922 n. 1 (9th Cir.2000).

## CONCLUSION

Garland complains that the court erred in refusing to set aside the May 23 Order. However, the May 23 Order was not effective to dismiss the case until the court entered its July 8 Order denying Garland's motion to "set aside the dismissal." Because the May 23 Order did not effect the dismissal of the bankruptcy case (since the case was not effectively dismissed until the July 8 Order), we perceive no error in refusing to set aside an ineffective order. Noting that the May 23 "Order" did not constitute entry of judgment per Rule 58 and is not eligible to be vacated in a man-

ner that could afford relief to the appellant, we AFFIRM.