In re Richard Wayne **MEADOWS, Sylvia Mae Meadows d/b/a Harbor Hill Marine, Debtors.**

Leandra **WALKER, Trustee, Plaintiff,**

v.

Russell A. **GOODWIN, Defendant.**

Bankruptcy No. 5–82–00402.
Adv. No. 5–83–0013.

United States Bankruptcy Court,
W.D. Kentucky.

May 1, 1984.

Mark C. Whitlow, Whitlow, Roberts, Houseton & Russell, Paducah, Ky., for plaintiff-trustee Leandra Walker.

Richard W. Jones, Hurt, Haverstock & Jones, Murray, Ky., for debtors.

William Donald Overbey, Overbey & Overbey, Murray, Ky., for defendant.

## MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

The trustee in bankruptcy commenced this adversary proceeding by filing a complaint on March 10, 1983 objecting to creditor's tendered proof of claim alleging secured status in property of debtors' estate. The issue of whether creditor's claim is secured and prior to trustee's hypothetical lien asserted pursuant to 11 U.S.C. § 544 was submitted for judicial determination by memoranda of law filed by counsel for parties herein. The following facts found by this Court were not in dispute.

## FINDINGS OF FACT

On or about December, 1981, creditor owned, and desired to sell, a marine facility involved in repairing and storing of pleasure boats. Creditor's negotiations with the now-bankrupt debtors resulted in a verbal agreement whereby debtors could purchase the marina and related personalty for the sole price of $450,000.00.

To effectuate the verbal agreement, creditor's counsel prepared three documents, i.e., a Standard Real Estate Purchase Agreement (hereinafter Purchase Agreement); an Agreement for Deed; and a Financing Statement required for perfection of a security interest under the Uniform Commercial Code.

On or about January, 1982, debtors moved onto the real estate and exhibited full control of marina operations. Although the Agreement for Deed was intended to be signed by the parties at that time, debtors lacked the down payment required by the Agreement for Deed. On May 29, 1982, creditor and debtors executed the Purchase Agreement which incorporated by reference a list of related personalty used in marina operations. Debtors procured the requisite $15,000.00 earnest money deposit by pledging personalty of Harbor Hill Marina as collateral for the loan. Debtors were to make payments thereafter to creditor on the $450,000.00 purchase price in accordance with an unexecuted payment schedule attached to the signed Purchase Agreement; however, no payment other than the earnest money deposit was made.

Although the Agreement for Deed was never executed by the parties, both parties state that a sale arrangement was contemplated when the Purchase Agreement was signed. On October 1, 1982, within ninety (90) days of debtors' December 22, 1982 filing for relief under Chapter 7 of the Bankruptcy Code, creditor filed a financing statement in Calloway County Courthouse, Kentucky, to attempt perfection of his interest in personalty identified in the Purchase Agreement. No evidence of a security agreement was produced.

The trustee in bankruptcy now asserts that creditor relinquished all possession and control of the realty and personalty to debtors, and creditor's failure to retain a security interest in personalty gives trustee a prior interest in said property as a lien creditor pursuant to 11 U.S.C. § 544.

In response, creditor argues that a secured interest in personalty used in opera-

tion of the marina was retained by creditor's proper filing of a financing statement; alternatively, creditor alleges that the Purchase Agreement was an unseverable executory contract which trustee failed to affirmatively and timely accept.

The Court addresses the issue of whether the Purchase Agreement was an executory contract creating interests which were forfeited by operation of law and excluded from debtors' estate in bankruptcy.

## CONCLUSIONS OF LAW

The Bankruptcy Code, 11 U.S.C. § 365, expressly requires that an executory contract or unexpired lease be assumed by the trustee in bankruptcy for rights thereunder to become part of debtors' estate in a Chapter 7 proceeding. Although the Bankruptcy Code does not precisely define a contract which is executory, the legislative history of 11 U.S.C. § 365 states that an executory contract is one where "performance remains due to some extent on both sides. A note is not usually an executory contract if the only performance that remains is payment. Performance on one side of the contract would have been completed and the contract is no longer executory." H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 347, U.S.Code Cong. & Admin.News 1978, p. 5787 (1977). Decisions issuing from this Court have held that executory contracts exist where the obligations of both parties are so far unperformed that failure of either to complete performance would constitute a material breach excusing performance of the other. See *In re Farrar McWill, Inc.*, 26 B.R. 313 (W.D.Ky.1982); *In re Louisville Motor Exchange, Inc.*, 26 B.R. 490 (W.D.Ky.1983), *aff'd* No. C–83–0317–6(b) (D.C.Ky., 4–25–84).

■ In the case at bar, the issue of whether the unambiguous Purchase Agreement is an executory contract is to be determined under federal law. See *In re Alexander*, 670 F.2d 885, 888 (9th Cir. 1982). However, the question of whether a party's failure to perform any remaining obligation constitutes a "material breach" is to be determined pursuant to state law.

See *In re Cochise College Park, Inc.*, 703 F.2d 1339 (9th Cir.1983).

■ Applying these standards, the Court finds that the Purchase Agreement imposed future obligations on both parties to the contract, i.e., debtors were obligated to make payments in addition to the earnest money deposit in accordance with the payment schedule, and creditor had a duty to perform according to the contract terms for transfer of clear title to buyers upon settlement. Failure of either creditor or debtors to perform these future obligations would result in a material breach of the Purchase Agreement. Seller's filing of a financing statement did not suffice to transfer legal title to debtors and prevent a breach from occurring if clear title could not be conveyed at a future date. Likewise, debtors' failure to make payments in addition to the $15,000.00 earnest money deposit on the $450,000.00 contract price would result in a material breach of the Purchase Agreement, excusing seller from future obligations.

■ Having established that the Purchase Agreement setting forth conditions precedent to be satisfied prior to consummation of the buy-sell agreement was clearly executory, the trustee had the power granted by 11 U.S.C. § 365 to accept said contract or reject it entirely. The contract, which provided a single purchase price for both realty and related personalty, was unseverable. Case law demonstrates that a trustee cannot accept part of an unseverable executory contract and reject that portion of no benefit to the estate. *In re Monsour Medical Center*, 11 B.R. 1014 (P.C.Pa.1981).

■ In the case at bar, the record shows that trustee herein abandoned any claim to the realty by relinquishing same to creditor. Having rejected part of the contract and further failing to affirmatively accept the contract within sixty (60) days of the order for relief, the executory contract was rejected by operation of law pursuant to 11 U.S.C. § 365. Personal property in issue failed to become part of debtors' estate in

bankruptcy and is immune to any claim asserted against this property by the trustee.

The Court's finding that trustee's claim of priority in the personalty used for operation of the marina is hereby denied, the issue of lien priority is deemed moot.

This Memorandum Opinion constitutes Findings of Fact and Conclusions of Law pursuant to Rule 7052, Rules of Bankruptcy Procedure, and an appropriate order has been entered this 1st day of May, 1984.