In re William Edward GIESING &
Yvonne Marie Giesing, Debtors.

Jack E. BROWN, Trustee Plaintiff,

v.

Mark SNELLEN (Sneller) & Penny
Snellen (Sneller) Defendants.

Bankruptcy No. 88–03456–C.
Adv. No. 88–0741–C.

United States Bankruptcy Court,
W.D. Missouri, C.D.

Feb. 13, 1989.

Carrie Francke, Columbia, Mo., for plaintiff.

Jerry W. Venters, Jefferson City, Mo., for defendants.

Jack E. Brown, Columbia, Mo., Trustee.

MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy
Judge.

FACTS

Debtors filed their petition for relief on August 8, 1988 under Chapter 7. The Trustee sought to set aside an executory contract under 11 U.S.C. § 365 or a transfer of funds under 11 U.S.C. § 547 as a

preference. The Trustee's evidence revealed that Debtors had entered into a "Lease With Option To Purchase" with the Defendants on October 9, 1987. By the terms of that document, debtors leased a residence at 1223 Water Street, Jefferson City, Missouri, for two years ending October 9, 1989, and agreed to pay $339.00 per month beginning November 19, 1987. Debtor's payments went to a savings and loan that held the first mortgage on the premises. If Debtors defaulted for two payments, defendants had two options as to how to handle the transaction; either terminate and retake the property for the Defendant's benefit, or rerent for the debtors' benefit. If the former, all obligations to pay further rent ceased. If the latter, the debtors were still responsible for rent for the full term less any other rental income from the premises. The agreement also contained an option. Defendants granted Debtors an option to purchase the property for a price of $35,500.00. Debtors paid Defendants $6,000.00 for the option. If Debtors exercised the option, the $6,000.00 was to be applied to the purchase price, so that Debtors would only owe $29,500.00 as the full purchase price. The term of the option was measured by the lease term, but default in the lease did not terminate the option and Debtors until October 9, 1989 may exercise the option.

## QUESTIONS PRESENTED

1. Whether the Trustee may recover the option fee as a preference item under 11 U.S.C. § 547.

2. Whether the option contract between Debtors and Defendants is an "executory contract" in the bankruptcy sense and subject, as a result, to the trustee's election under 11 U.S.C. § 365.

3. If the option contract is not an executory contract, can debtors retrieve that portion of the option fee representing the unexpired portion of the option period.

## DISCUSSION

I. *Trustee's Complaint for a Preference Under 11 U.S.C. § 547*

■ From the foregoing recital of the facts, the Court concludes that the Trust-

ee's Complaint must fail under 11 U.S.C. § 547. Before there can be a preference, there must be an antecedent debt. 11 U.S.C. § 547(b)(2). Section 547(c)(1) specifically provides that a trustee may not avoid a transfer that is in fact a substantially contemporaneous transfer. From the evidence, the Court views this portion of the transaction as Debtors transferring to Defendants $6,000.00 in exchange for Defendants transferring to Debtors the option to buy for two years and to apply the option fee as a credit against the purchase price. Although the Trustee decries the contract as "unconscionable", there is no evidence that a 17% option deposit was so unusual in view of the length of time the property was to be tied up, that the Court can label it "unconscionable" as a matter of law. There is no evidence of overreaching or fraud. Thus, this prong of the Trustee's twin-tined Complaint is denied.

II. *Ability of Trustee to Reject or Assume Contract Under 11 U.S.C. § 365*

The other thrust of the Trustee's Complaint is not so neatly resolved. Section 365 provides that a trustee may, under certain circumstances, assume or reject any "executory contract" or unexpired lease of the debtor. Conversely, the trustee does not have the option to reject or assume a contract that is not executory in the Bankruptcy Code sense. 11 U.S.C. § 365(a). Outside the context of bankruptcy, a contract is generally considered "executory" when any part of the contract remains unperformed. Whether a contract is an executory contract for purposes of § 365, however, is a question of federal law. *In re Coordinated Financial Planning Corp.,* 65 B.R. 711, 713 (9th Cir. BAP 1986). Although § 365 does not circumscribe which contracts are executory, its legislative history states that such contracts include "contracts on which performance remains due to some extent on both sides." H.Rep. No. 595, 95th Cong., 1st Sess. 347 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 58 (1978), U.S.Code Cong. & Admin.News

1978, pp. 5787, 5844, 6303. Where performance on one side of a contract is complete, the contract is no longer executory. *Id.* The Eighth Circuit, in an application of Section 365's predecessor, 11 U.S.C. § 70(b), adopted the following definition of an executory contract which is consistent with these guiding principles:

> [A] contract under which the obligations of *both* the bankrupt and the other party to the contract are so unperformed that the failure of *either* to complete performance would constitute material breach excusing the performance of the other.

*Northwest Airlines, Inc. v. Klinger*, 563 F.2d 916, 917 (8th Cir.1977) (citing V. Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 439, 460 (1973) and V. Countryman, *Executory Contracts in Bankruptcy: Part II*, 58 Minn.L. Rev. 479 (1974) (emphasis added). In *Northwest Airlines* an airline had obligated itself to provide transportation to the debtor who was, in turn, obliged to pay the airline for the tickets at a future time. Neither party had received any benefit nor performed its obligation under the contract at the time the debtor filed its petition in bankruptcy. Noting that both sides had substantial future obligations to perform which if not performed would constitute a material breach of the contract, the court held the contract to be an executory one and thus subject to the trustee's election under the Code. *Id.* The court reaffirmed its adoption of the above definition in *Jenson v. Continental Financial Corp.*, 591 F.2d 477, 481 (8th Cir.1979). In both decisions, the Court distinguished such "executory" contracts from situations in which the nonbankrupt party has fully rendered its performance, but the bankrupt has performed partially or not at all. *Northwest Airlines*, 563 F.2d at 917; *Jenson*, 591 F.2d at 481.

■ These cases, as well as others this Court has reviewed, indicate that the above definition of an executory contract is not an unbending one to which the Court must adhere at the expense of advancing the Code's purposes and the debtor's goals to reach equitable results. *In re G–N Partners*, 48 B.R. 462, 466 (Bankr.D.Minn.1985).

As a threshold inquiry, however, the definition does operate as an exclusionary rule under which executed or non-executory contracts are identified and immunized against the provisions of § 365. *Id.* (citing *In re Gladding Corp.*, 22 B.R. 632, 635 (Bankr.Mass.1982). If a contract qualifies under the definition, the court must determine whether it is "truly executory", which turns on to what extent the Code's purposes are served. *In re G–N Partners*, 48 B.R. at 466. If rejection of a contract, executory by definition, would not advance the Code's purpose of adding to or detracting from the estate's benefits or liabilities, the contract is not "executory", and the trustee does not have the option to reject or assume the contract. *Northwest Airlines*, 563 F.2d at 917 n. 2; *Jenson*, 591 F.2d at 481 n. 5.

■ A preliminary matter that must be addressed before the issues raised under 11 U.S.C. § 365 may be resolved concerns the relationship between the lease portion of the parties' agreement and the option to purchase contained in the same agreement. Clearly the lease portion of the parties' contract is executory. Executory contracts must be assumed or rejected in their entirety. *In re Monsour Medical Center*, 11 B.R. 1014 (D.W.D.Penn.1981). A single document may, however, contain two independent and separately enforceable contracts. *In re Central Florida*, 89 B.R. 242, 244 (Bankr.M.D.Fla.1988). The determination as to a contract's severability turns on the parties' intent as evidenced by the terms of the contract. *Id;* see also *In re Kellett Aircraft*, 173 F.2d 689, 693 (3d Cir.1949) (issue of entire and severable contracts based on intent). The Court notes from its examination of the terms of the parties' contract that a default in the lease does not trigger a breach or forfeiture with respect to Debtors' option to purchase. Further, the contract is completely silent as to any event or conduct that would cause a forfeiture or require repayment of the option fee. Although the lease term and the option period were to run together and for the same two year period, this fact alone is insufficient to conclude that the lease and

the option to purchase were mutually dependent. By the terms of the contract, the Court, therefore, finds that the lease and the option to purchase are separate contracts.

■ As a matter of federal bankruptcy law, the option contract in the instant case is not an executory contract. This conclusion is the only one permissible under the exclusionary rule adopted in this Circuit. This finding is also consistent with the decision of another bankruptcy court in *In re Continental Properties, Inc.*, 15 B.R. 732, 736 (Bankr.D.Hawaii 1981) in which the court held that an option contract similar to the instant one was not an executory contract subject to rejection or assumption by the debtor. Although Defendants cite to *In re Waldron*, 36 B.R. 633 (Bankr.S.D. Fla.1984) for the exact opposite proposition, the Court notes that that case was reversed, albeit on other grounds, by the District Court. This Court's decision is further consistent with the Missouri Supreme Court's interpretation of such contracts. See *Rockhill Tennis Club of Kansas City v. Volker*, 331 Mo. 947, 56 S.W.2d 9, 17 (1932). Debtors fully performed their obligation under the option contract by paying the option fee and are thus literally incapable of breaching the agreement. Only defendants' obligation, granting Debtors the exclusive right to elect to purchase the property during the option period, remains unperformed in part. Although permitting the trustee to reject the option contract would indeed benefit the estate, the factual circumstances clearly prevent the contract from qualifying as an executory contract under the aforementioned exclusionary rule adopted by the Eighth Circuit. Trustee's request to reject the option contract is, therefore, denied.

III. *Recovering Portion of Option Fee Through Setoff Under 11 U.S.C. 553 or Through Equitable Doctrine of Recoupment*

■ Debtors orally asked this Court to permit defendants to retain only that portion of the option fee that represents the expired portion of the option period. To get this result, the Court would have to allow the use of either the setoff provisions under 11 U.S.C. § 553 or the equitable doctrine of recoupment. These matters were not pleaded and are not properly before the Court. The setoff provisions of 11 U.S.C. § 553 cannot be applied in this case because the mutual debt and claim contemplated are those arising out of *different transactions*. See *In re NWFX* 864 F.2d 593 (8th Cir.1989); see also 4 *Collier on Bankruptcy* § 553.03 (15th ed.1988). Defendants' claim of entitlement to the full option fee and Debtors' claim for a prorata refund of the fee arise out of the *same* transaction. The Court cannot overlook the absence of this mutuality of debt requirement and use its equitable powers under 11 U.S.C. § 105 to fashion an "equitable setoff" such as that sought by debtors. To do so would vest the parties with newly created substantive rights which is an improper extension of the Court's equitable powers. *In re NWFX*, 864 F.2d 593 (8th Cir.1989).

■ Distinguishing itself from setoff, the common law doctrine of recoupment applies only when a creditor has a claim against the debtor that arises from same transaction. *In re NWFX*, 864 F.2d 593 (8th Cir.1989). Thus, the doctrine is considered a defense to a debtor's claim rather than a mutual obligation. *Lee v. Schweiker*, 739 F.2d 870, 875 (3d Cir.1984). Bankruptcy courts apply recoupment as an equitable doctrine to permit a creditor to avoid the otherwise inequitable results of applying the limitations of setoff. *In re B & L Oil Co.*, 782 F.2d 155, 157–59 (10th Cir.1986). The recoupment doctrine in bankruptcy is primarily applied to cases involving single contracts that expressly provide for the repayment of advances or overpayments, although use of the doctrine does not depend on whether the parties expressly anticipated the problem. *Id.* at 159. Such repayment provisions are designed to make corrective adjustments for advance payments that were based on estimates of what ultimately would be owed. *In re B & L Oil Co.*, 782 F.2d at 157. The analysis in these cases is based on the treatment of executory contracts in bank-

ruptcy which is aimed at preventing a debtor from retaining post-petition payments while simultaneously avoiding repayment of pre-petition overpayments. *Lee v. Schweiker*, 739 F.2d at 876.

Applying the foregoing underpinnings of recoupment to the instant case, the Court finds that the facts of this case are inapposite to those in which use of the doctrine has been allowed and, as a result, it is not available Debtors. First of all, only *creditors* have been allowed use of the doctrine as a defense to abate or reduce a claim made by a debtor. See *In re B & L Oil Co.*, 782 F.2d at 157–59. Second, this is not a case where one party overpaid the other either by mistake or through an advancement and the contract contains no expression of the parties' intent that there would be a prorata refund of the option fee if for some reason the full option period was not run out. Based on these findings, Trustee's alternative request for a proportionate return of the option fee is denied.

## CONCLUSION

Because the the option fee provided for in the parties' agreement does not constitute an antecedent debt between the parties, the Court finds that the fee does not qualify as a preference item. Further, the option fee paid by Debtors to Defendants is found not to be unconscionable in view of the length of the option period and given the absence of any evidence of fraud or overreaching on the part of Defendants. The lease and option to purchase contained in the parties' agreement are properly severable into two distinct and independent contracts. The lease agreement under which Debtors are in default is an' executory contract. The option to purchase is not an executory contract and, therefore, cannot be rejected or assumed by the Trustee. The Trustee did not formally plead setoff or recoupment but the Court's analysis indicates that neither is available to the Trustee even had pleadings been filed or a request to amend been made.

This Memorandum Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.