In re **EASEBE ENTERPRISES, INC.,**
d/b/a **Chippendales, Debtor.**

David A. **GILL,** Plaintiff–Appellee,

v.

**EASEBE ENTERPRISES, INC.,**
Defendant–Appellant.

No. 89–55163.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1990.

Decided April 16, 1990.

James I. Stang, Pachulski, Stang & Ziehl, Los Angeles, Cal., for defendant-appellant.

Earle Hagen, Hagen & Hagen, Encino, Cal., for plaintiff-appellee.

Before GOODWIN, Chief Judge, CANBY, and LEAVY, Circuit Judges.

GOODWIN, Chief Judge:

Easebe Enterprises, Inc., dba Chippendales (Easebe), a voluntary Chapter 11 debtor in bankruptcy, appeals the district court's order affirming the bankruptcy court's decision that it could not and did not exercise an option to purchase real property owned by Frank Piazza, Ruth Grossman and Don Saks, ("owners" or "lessors"), and leased to Easebe. We affirm.

Prior to filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Easebe held a leasehold interest in real property located at 3739 Overland Avenue in Los Angeles. The lease was entered into on November 19, 1973, and was modified on November 14, 1986 by a Judgment on Stipulation between the lessors and Easebe during an unlawful detainer trial in California Superior Court. The original lease contained a one-year option to purchase that expired on December 31, 1975. Paragraph five of the Judgment on Stipulation contained a new option to purchase before May 15, 1987. The new option provided that Easebe could purchase the property for $800,000, payable by a cash deposit of $75,000 on or before May 15, 1987, with the balance financed by the lessors if Easebe provided a note and first priority deed of trust on the property.

On January 23, 1987, Easebe filed for bankruptcy. In accordance with 11 U.S.C. § 365 (1988), on April 14, 1987, Easebe filed an Application for Authority to Assume Unexpired Lease. Due to a scheduling problem, the lessors were given only 24-hours notice of the application. The only issue discussed at the hearing was whether Easebe could obtain insurance for the property adequate to assume the lease; there was no direct discussion regarding the assumption of the purchase option. The bankruptcy court granted the application to assume the lease but made no specific mention of the option to purchase.

On May 15, 1987, Easebe attempted to exercise the option by tendering $75,000 in cash with escrow instructions to the lessors. The lessors found the escrow instructions unacceptable and refused to sign. Accordingly, the funds were not released at that time.

On June 22, 1987, the bankruptcy court heard Easebe's Application for Authority to Exercise Option for Purchase of Real Property and to Incur Secured Indebtedness. Easebe claims that the court orally approved the motion which was circulated among counsel but never formally entered because it became lost. The lessors claim that the court never issued an order.[1]

On September 23, 1987, the lessors filed a motion for an order declaring the option to purchase terminated, or alternatively a motion to require the debtor to provide adequate assurances under Bankruptcy Code Section 365(b). The court held three hearings and on March 29, 1988 concluded that the option to purchase was not assumed by Easebe's assumption of the lease and that the option was non-assumable under 11 U.S.C. § 365(c)(2) because it was a

---

1. David A. Gill was appointed Chapter 11 trustee on September 17, 1987.

contract to extend debt financing and financial accommodations to Easebe. The court also concluded that the lessors were not estopped from asserting that the option to purchase was not assumed by Easebe. The district court affirmed these findings on December 22, 1988.

The lessors claim that Easebe is precluded by 11 U.S.C. § 365(c) from assuming the option to purchase. The bankruptcy and district courts agreed. We review the ruling as a question of law and affirm. *Fireman's Ins. Cos. v. Grover (In re Woodson Co.)*, 813 F.2d 266, 270 (9th Cir.1987).

Bankruptcy Code § 365 requires a trustee to secure court approval prior to assuming or rejecting an executory contract or unexpired lease of the debtor. 11 U.S.C. § 365(a). The term executory contract "generally includes contracts on which performance remains due to some extent on both sides." S.Rep. No. 989, 95th Cong., 2d Sess. 58, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5844 [hereinafter Senate Report]. *See also Benevides v. Alexander (In re Alexander)*, 670 F.2d 885, 887 (9th Cir.1982) (recognizing this definition of an executory contract). An option contract is an executory contract, and, accordingly, Easebe's trustee was required to obtain court approval prior to assuming the option. *See Horton v. Rehbein (In re Rehbein)*, 60 B.R. 436, 441 n. 6 (9th Cir. BAP 1986) ("option contracts are generally executory contracts until the option is exercised"); *cf. Steffan v. McMillan (In re Coordinated Fin. Planning Corp.)*, 65 B.R. 711, 713 (9th Cir. BAP 1986) (right of first refusal to purchase real property is an executory contract). *See generally* Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 439 (1973).

An executory contract that is a contract "to make a loan, or extend other debt financing or financial accommodations to or for the benefit of the debtor ..." may not

be assumed by the trustee. 11 U.S.C. § 365(c)(2).[2] "The purpose of this subsection, at least in part, is to prevent the trustee from requiring new advances of money or other property." H.R.Rep. No. 595, 95th Cong., 2d Sess. at 348, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6304 [hereinafter House Report]. While the Code does not define the terms "loan," "debt financing," or "financial accommodations," it was intended that these terms be strictly construed so as not to extend "to an ordinary contract to provide goods and services that has incidental financial accommodations or extensions of credit." 2 Collier, *On Bankruptcy*, ¶ 365.05[1] (15th ed. 1989), *citing* 124 Cong. Rec. H11,093 (daily ed. Sept. 28, 1978).

While there is scant judicial authority on the application of section 365(c)(2), those courts that have addressed the issue hold that contracts requiring money or other property to be delivered in exchange for a promise to pay are nonassumable while those that require money or property to be delivered in exchange for goods or services are assumable. *See generally Whinnery v. Bank of Onalaska (In re Taggatz)*, 106 B.R. 983, 992 n. 11 (Bkrtcy.W.D.Wis.1989) (surveying eleven recent cases where courts have analyzed the characterization of an executory contract as a "loan," "debt financing," or "financial accommodation").

The terms of Easebe's option to purchase fall within the ambit of section 365(c)(2). The option includes the following provision:

> EASEBE ENTERPRISES, INC. shall execute a First Trust Deed (Standard Title Insurance Co. Trust Deed or its equivalent) in favor of lessors for the balance of the purchase price securing a note, with interest at two percent above the prime interest rate of major United States Banks, adjusted quarterly, and with a *minimum* interest rate of ten percent on all unpaid and unreleased

---

**2.** Section 365(c) states in pertinent part:
The trustee may not assume or assign any executory contract or unexpired lease of the debtor, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

(2) such contract is a contract to make a loan, or extend other debt financing of financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor;
...
11 U.S.C. § 365(c).

sums. Said note shall provide for equal monthly payments of interest only with the complete principal balance due and payable as follows: (1) $75,000.00 on or before six months from the date the option is exercised and (2) the total remaining principal on or before five years from the date said option is exercised ...

(emphasis in original).

This provision indicates that Easebe is receiving the property in exchange for a promise to pay. Moreover, the financing does not appear to be incidental to the sale of the real property. Title to the property is to pass upon close of escrow, but Easebe remains in debt to the lessors for at least five years.

Easebe makes two arguments in support of its position that the option is assumable. Both arguments are based on an inaccurate reading of the statute.

First, Easebe claims that the transaction at issue does not require the lessors to lend it any funds. Section 365(c)(2) is not restricted to funds, however. It prohibits the assumption of debt financing or other financial accommodations as well as loans. 11 U.S.C. § 365(c)(2). Moreover, the House Report states that its purpose is to prevent the trustee from "requiring new advances of money or *other property.*" House Report at 348, 1978 U.S.Code Cong. & Admin. News 6304 (emphasis added).

Second, Easebe claims that because the contract was based on the value of the real property and not on Easebe's financial strength, section 365(c)(2) does not preclude the assumption. Easebe supports its position with a quotation from the Senate Report that addresses the purpose of section 365(b)(4) rather than section 365(c)(2). Section 365(b)(4) addresses a different scenario. It states that where there has been a default in an unexpired lease a "trustee may not require a lessor to provide services or supplies incidental to such lease before assumption of such lease unless the lessor is compensated under the terms of such lease". 11 U.S.C. § 365(b)(4). While section 365(c)(2) also protects the lessor or other party to an executory contract from financial dealings with a Chapter 11 debtor,

unlike section 365(b)(4), its protection is not triggered by the debtor's default on an unexpired lease; it is a complete prohibition. *See* 2 Collier, *On Bankruptcy* at ¶ 365.05[1]. There is no indication in the legislative history of section 365(c)(2) that, if the financing is secured by a deed of trust on real property, then section 365(c)(2) is not applicable.

■ We therefore find that the section 365(c)(2) prohibits Easebe from assuming the option to purchase. This conclusion, however, does not end all inquiry. We must also determine whether the lessors waived their right to raise a section 365(c)(2) defense and were therefore estopped from raising it when Easebe attempted to exercise the option.

This court has not had occasion to address the issue of whether a party to an executive contract can waive its right to assert section 365(c)(2) as a defense to a debtor's attempt to assume an executory contract. We have held, however, that, because there is no provision in the bankruptcy code precluding it, section 365(f)(3) can be waived "by those for whose benefit it has been enacted." *Cukierman v. Mechanics Bank of Richmond (In re J.F. Hink & Son),* 815 F.2d 1314, 1318 (9th Cir.1987). Applying this rationale to section 365(c), we conclude that there is no provision in the Code precluding its waiver.

Section 365(d) provides for the rejection of residential leases or executory contracts for real property and for nonresidential leases of real property where the debtor does not move to assume them within 60 days. 11 U.S.C. § 365(d). There is no provision providing for the rejection of a nonresidential executory contract to purchase real property if it is not assumed within a certain period of time. Accordingly, the lessors in this case could have waived their objection to the assumption of the option to purchase under section 365(c)(2).

Likewise, if the lessors intended to waive their right to plead section 365(c)(2) and to induce Easebe to rely on their waiver, and Easebe did rely to its detriment, then they are estopped from later raising the de-

fense. *See In re J.F. Hink & Son*, 815 F.2d at 1318; *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091, 1096 (9th Cir.1985).

The bankruptcy court found that the lessors' conduct did not operate to waive their rights under section 365(c)(2) or to estop them from raising the argument. It found that while the lessors did discuss terms upon which they would be willing to sell the property to Easebe, they had no reason to believe that Easebe thought that the option to purchase was assumed. These findings are not clearly erroneous. See *In re Woodson Co.*, 813 F.2d at 270.

 The record indicates that the lessors were not notified that Easebe wanted to assume both the lease and the option in the same court proceedings and that the option was not discussed during the hearing on Easebe's application to assume the lease. Moreover, an option to purchase real property is different from a lease and raises different concerns. Had the owners been aware that Easebe was attempting to assume both, they presumably would have requested appropriate assurances in addition to the insurance concerns they raised. Accordingly, the lessors did not waive their right to assert section 365(c)(2) and were not estopped from doing so.

 Our decision in *In re J.F. Hink & Son*, 815 F.2d 1314 (9th Cir.1987), does not dictate a contrary result. *In re J.F. Hink & Son* held that a party to whom the debtor assigned its interest in an unexpired lease was estopped from asserting 11 U.S.C. § 365(f)(3) to deny that he had accepted all of the lease terms. In that case, however, the estopped party participated directly in proceedings to assign the lease and testified that he knew and understood all of the terms of the lease. His behavior unequivocally induced reliance by the other parties as well as the court. The lessors here did not engage in behavior even remotely similar to that featured in *J.F. Hink & Son*.[3]

---

3. The lessors are also not precluded by the law of the case from asserting this defense. Law of the case is applicable only when there is a prior legal determination of the same issue. *Handi Inv. Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392

The lessors' request that Easebe's attorney be sanctioned and instructed to pay the lessor's costs of appeal is denied. While we find Easebe's arguments unpersuasive, because of the limited judicial authority on the application of 11 U.S.C. § 365(c)(2), we cannot conclude that "the result is obvious or the arguments of error are wholly without merit." *United States v. Nelson (In re Becraft)*, 885 F.2d 547, 548 (9th Cir.1989), quoting *Grimes v. Commissioner*, 806 F.2d 1451, 1454 (9th Cir.1986).

AFFIRMED.

(9th Cir.1981). The bankruptcy court's finding that Easebe's Application for Authority to Assume Unexpired Lease did not include a request for permission to assume the option is not clearly erroneous.