**In re AMERICA WEST AIRLINES, INC., a Delaware corporation, Debtor.**

**Bankruptcy No. B–91–07505–PHX–RGM.**

United States Bankruptcy Court,
D. Arizona.

March 24, 1995.

Carl A. Eklund, John Parks, LeBoeuf, Lamb, Greene & MacRae, Denver, CO, Charles R. Sterbach, Gallagher & Kennedy, Phoenix, AZ, Local Counsel, for debtor.

Thomas A. Stoops, Daniel L. Kloberdanz, Phoenix, AZ, for claimant William Bevins, et al.

Henry Kevane, Murphy, Weir & Butler, San Francisco, CA, Brenda Moody Whinery, Ryley, Carlock & Applewhite, Phoenix, AZ, Local Counsel, for Unsecured Creditors Committee.

Don C. Fletcher, U.S. Trustee's Office, Phoenix, AZ.

## ORDER GRANTING DEBTOR'S MOTION TO DISALLOW BEVINS' PROOF OF CLAIM

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the Court pursuant to the Debtor's Motion to Disallow Proof of Claim. William Brian Bevins, including the approximately 550 America West Airlines pilots who have assigned their claim to Mr. Bevins (collectively "Bevins") to pursue, objects to the Debtor's motion. A hearing was held March 22, 1995 on this matter after which the matter was taken under advisement. After due consideration of the pleadings, and the record herein, and under the present posture of the case, the Court finds and concludes the following in making its decision.

1. The Debtor contends that under its confirmed Plan Bevins interest is classified as a Class 7.2 interest. Class 7.2 is the most junior class and contains the treatment for AWA Warrant, Options and Other Equity Interests. Under the Plan, all of these interests are canceled.

2. Paragraph 5.2 of the Plan states that to the extent stock options are executory contracts, they are rejected. Bevins believes the stock options are executory contracts and that the rejection of the options gives rise to damages.

3. Paragraph 5.3 of the Plan states that any claim based on rejection of an executory contract must be evidenced by a proof of claim filed within 30 days after the effective date of the Plan or be forever barred.

4. The Confirmation Order entered by this Court on August 10, 1994 specifically found that the Plan did not discriminate unfairly, and was fair and equitable to classes of impaired equity interests. The Court confirmed the Plan over Class 7.2's deemed objection. Neither Bevins nor any other member Class 7.2 objected to confirmation of the Plan.

5. Bevins filed a proof of claim pursuant to Paragraph 5.3 on September 22, 1994 on behalf of himself and the other pilots for damages relating to the treatment accorded to the employee incentive stock options under the confirmed Plan. Bevins additionally requests that the Court interpret the confirmed Plan.

### 1. The Nature of the Stock Options

There are many types of options and option contracts. The options which are held by Bevins are stock options. The Plan treats the stock options in the same class with warrants and other equity interests. Bevins claims the stock options are not "equity securities," but are executory contracts which were rejected under Paragraph 5.2 of the Plan.

Bevins also claims the absolute priority rule is violated because he did not receive any value under the Plan for his stock options. The absolute priority rule states that the holder of an interest or claim that is junior to the interest or claim of another class will not receive or retain any property under the plan. 11 U.S.C. 1129(b)(2)(B)(ii); 11 U.S.C. 1129(b)(2)(C)(ii). The Debtor argues that Bevins' stock options are treated in accordance with the most junior class in the Plan and the lack of distribution does not violate the absolute priority rule. Whether there is a violation of the absolute priority rule hinges on whether the stock options are equity interests or executory contracts.

The Ninth Circuit has adopted the Countryman test to determine whether a contract is executory for purposes of the Bankruptcy Code. See *In re Texscan,* 976 F.2d 1269 (9th Cir.1992); *In re Cochise College Park, Inc.,* 703 F.2d 1339 (9th Cir.1983). A contract is executory under the Countryman definition if both parties to the contract have material obligations that remain unperformed as of the petition date. *In re Texscan,* 976 F.2d at 1272.

For the stock options to be executory contracts, both the Debtor and Bevins must have had unperformed material obligations relating to the stock options on the date of the petition. Without question, the Debtor

had a material obligation to keep the option open. On the other hand, Bevins had no unperformed obligations, let alone material obligations, to the Debtor regarding the stock options. Bevins claims his unperformed material obligation was to continue working for the Debtor. This is not true, because Bevins received the stock options for work previously performed. After receiving the stock options, Bevins could exercise them, but there was no action required on his part or by any of the other pilots. The Court finds and concludes that the stock options are not executory contracts under the definition followed in the Ninth Circuit because Bevins had no unperformed material obligations owing to the Debtor relating to the stock options.

Additionally, Bevins cites to three decisions from within the Ninth Circuit for the proposition that the stock options are executory contracts and can be assumed or rejected in accordance with 11 U.S.C. 365. See *In re Easebe Enterprises, Inc.*, 900 F.2d 1417 (9th Cir.1990); *In re Coordinated Financial Planning Corporation*, 65 B.R. 711 (9th Cir. BAP 1986); *In re Rehbein*, 60 B.R. 436 (9th Cir. BAP 1986).

The first of these three decisions, *Rehbein*, mentions option contracts in a footnote. 60 B.R. at 441 n. 6. In that case, the BAP stated that "option contracts are generally executory contracts until the option is exercised ..." *Id.* Unfortunately there is no explanation or analysis to support this statement or to guide this Court in a determination. Additionally, the option contract in *Rehbein* was an option to purchase real property not a stock option.

In the next case, *Coordinated Financial Planning*, the BAP dealt with a right of first refusal relating to real property. The BAP held that the right of first refusal was an executory contract which could be rejected by the trustee pursuant to 11 U.S.C. 365. 65 B.R. at 713. Again, the BAP offered no assistance in its holding and on the question of whether it should apply to stock options.

The third case, *Easebe Enterprises*, was decided by the Ninth Circuit Court of Appeals. This case also dealt with an option to purchase real property. Following the BAP holdings in *Rehbein* and *Coordinated Financial Planning*, the Ninth Circuit held that realty option contracts were executory contracts. 900 F.2d at 1419. The Ninth Circuit also held that the agreement fell within Section 365(c)(2) of the Bankruptcy Code, which specifically deals with contracts to make a loan, extend debt financing or financial accommodations to or for the Debtor. Section 365(c)(2) does not appear applicable to the facts of this case.

Each of the three cases cited either dealt with options to purchase real property or a right of first refusal relating to real property. An option contract relating to real property is not the same as the stock options at issue here. Bevins incorrectly assumes that every type of option is the same type of agreement and subject to the same prior legal interpretations. The Court finds and concludes that in this case it is not bound by any prior holdings dealing with an option contract to purchase real property because of the distinct differences between option contracts and stock options. However, the Court's inquiry does not end here.

The Debtor claims the stock options are not executory contracts, but instead are equity interests canceled under Paragraph 3.7.2 of the confirmed Plan. Paragraph 3.7.2 defines Class 7.2 and the treatment to be accorded to class members under the confirmed Plan as follows:

3.7.2 *Certain AWA Warrants, Options and other Equity Interests and Other Claims.* This class consists of the following Claims and Equity Interests (except to the extent they are included in Class 7.1): (i) AWA Warrants, Options, and Other Equity Interests, (ii) Stock Recission and Damage Claims, (iii) Subordinated Claims and (iv) all Claims, if any, arising from the cancellation or rejection (to the extent they constitute executory contracts) of AWA Warrants, Options and Other Equity Interests. Holders of such Claims and Equity Interests will not be entitled to receive or retain any property under the Plan on account of such Claims or Equity Interests, and pursuant to Section 1126(g) of the Bankruptcy Code, are deemed not to have accepted the Plan. Class 7.2 is impaired

under the Plan. All AWA Warrants, Options and Other Equity Interests will be canceled, annulled and extinguished on the Effective Date.

Under Paragraph 3.7.2, the stock options were canceled on the effective date of the confirmed Plan.

■ The Debtor further argues that Bevins claim under his stock options is treated as proscribed in Paragraph 3.7.2 because they qualify as equity interests under the Bankruptcy Code. Under Section 101(16)(C), "equity security" is defined as follows:

(C) warrant or right, other than a right to convert, to purchase, sell, or subscribe to a share, security, or interest of a kind specified in subparagraph (A) or (B) of this paragraph;

The legislative history reveals that only a right to convert is not included in the definition of "equity security." See S.Rep. No. 989, 95th Cong.2d Sess. (1978), 1978 U.S.Code Cong. & Admin.News 5787; Collier on Bankruptcy 101.16 (15th ed. 1993). A right to purchase however, is within the definition provided in the Bankruptcy Code.

■ Section 101(16)(A) specifies that a "share in a corporation" is an "equity security." The stock options in this case were for the purchase of America West Airline common stock. The Court finds and concludes that the stock options which are the subject of Bevins' proof of claim are equity securities as defined by 11 U.S.C. 101(16). See *Matter of Baldwin–United Corp.*, 52 B.R. 549, 552 (Bankr.S.D.Ohio 1985). The Court further finds and concludes that the treatment under the confirmed Plan for the stock options is contained in Paragraph 3.7.2, that the stock options were canceled upon confirmation on August 10, 1994 and that the absolute priority rule is satisfied because the stock options are junior interests to the common stock, the preferred stock and all creditors.

2. *The Effect of the Confirmed Plan on Bevins' Claim*

■ The Debtor's Plan of Reorganization was confirmed by this Court on August 10, 1994. Class 7.2 was deemed to reject the Plan. The Order granting confirmation stated that the Plan was being confirmed over this deemed rejection. It is undisputed that neither Bevins nor any other member of Class 7.2 filed an objection to the Plan or appeared at the confirmation hearing held on August 10, 1994 to object to Class 7.2's treatment under the Plan. It is also undisputed that neither Bevins nor any other party appealed the Order confirming the Plan. Bevins is, in effect, seeking to appeal the confirmed Plan and asking this Court to review it on its merits. Questions regarding the propriety or legality of a confirmation order are proper appealable issues, but there was no timely appeal of the Confirmation Order and that avenue is now closed to Bevins. See *Republic Supply Co. v. Shoaf,* 815 F.2d 1046, 1049 (5th Cir.1987). The issue before the Court is whether to disallow Bevins' claim and not interpretation of the confirmed Plan.

■ All parties to a confirmed Plan are bound by its terms. 11 U.S.C. 1141(a). Specifically, confirmation of a plan terminates all rights and interests of equity security holders, such as Bevins, provided for by the plan. 11 U.S.C. 1141(d)(1)(B). The doctrine of res judicata not only bars later proceedings on issues that were actually raised during the confirmation process, but also bars actions on issues that should have been or could have been raised during the confirmation process. *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *Eubanks v. F.D.I.C.,* 977 F.2d 166, 171 (5th Cir.1992); *In re Heritage Hotel Partnership I,* 160 B.R. 374, 377 (9th Cir. BAP 1993).

■ The arguments raised by Bevins are actually arguments that are proper to raise in regards to confirmation of a plan. The arguments truly go to issues such as classification of claims and the treatment of Class 7.2. The Court finds and concludes that all of the issues raised by Bevins at the hearing and in his various pleadings could have been and should have been raised during the confirmation process.

■ Res judicata applies in a situation where (1) the parties were identical in the two actions; (2) the prior judgment was ren-

dered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases. *In re Heritage Hotel Partnership I,* 160 B.R. at 376.

The first element of res judicata is satisfied when persons whose interests are properly placed before the court by someone with standing to represent them. See *Republic Supply Co. v. Shoaf,* 815 F.2d at 1051. The Debtor properly placed the interests of Bevins and all Class 7.2 members before the Court by deeming Class 7.2's rejection of the Plan and placing specific language regarding Class 7.2 in the Confirmation Order. By confirming the Plan, the Court specifically ruled regarding Bevins' rights by overruling Class 7.2's deemed rejection of the Plan.

The second element of res judicata requires the prior judgment to have been rendered by a Court of competent jurisdiction. A court by necessity has the authority to determine its own jurisdiction over the parties and subject matter, and does so either tacitly or expressly, by rendering a judgment. *Republic Supply Co. v. Shoaf,* 815 F.2d at 1052, citing, *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938). This Court has jurisdiction to determine whether a debtor's Plan is confirmable and the Court therefore finds and concludes that it properly exercised its jurisdiction confirming the Debtor's Plan in this case.

The next element which must be satisfied before res judicata can be applied is that the judgment is a final judgment on the merits. The order confirming a Plan is a final judgment on the merits in bankruptcy proceedings. *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *In re Heritage Hotel Partnership I,* 160 B.R. at 377. This Court entered an Order confirming the Debtor's Plan on August 10, 1994. Thus, the third element of res judicata is satisfied.

The last element is whether the same cause of action is involved in both proceedings. The Court has already held, supra, that the issues raised by Bevins could have been and should have been properly raised during the confirmation process. Bevins is attempting to alter the treatment of some members of Class 7.2. The treatment of Class 7.2 was one of the subjects addressed in the Confirmation Order. At the hearing, Bevins' counsel stated he had met with Bevins and other pilots in July, 1994. This was prior to confirmation and any deadline to object to the Plan. It is clear that Bevins sat on his rights by not actively participating in the confirmation process and this Court will not revisit these confirmation issues and condone Bevins' inaction at this late date.

The Court on this record therefore finds and concludes that the elements of res judicata are satisfied and that Bevins' pursuit of a cause of action based upon the proof of claim filed on September 22, 1994 based on the stock options is barred by this Court's August 10, 1994 Order confirming the Plan. Additionally, the Court finds that the Plan has been substantially consummated at this time and that modification would be untimely. See 11 U.S.C. 1127.

Accordingly,

IT IS ORDERED granting Debtor's Motion to Disallow Bevins' Claim.