FERNANDEZ, Circuit Judge,
with whom MICHAEL DALY HAWKINS and THOMAS, Circuit Judges, join, concurring in part and dissenting in part:
I agree with most of what is written in the majority opinion. However, while it may seem unduly captious to focus upon a few words here or there, I feel compelled to do so because I believe that those words are exceedingly important.
As the majority emphasizes, the use of the word “explicitly” in the clause, “we can’t determine with full confidence whether the plan explicitly resolves the question whether the option was an executory contract,” at page 704 of the opinion means that the plan itself must either describe the Southmark option by name or indicate that it refers to options, or must contain a definition of execu-tory contracts which includes options. That is an overly restrictive direction to the bankruptcy court. That court should remain free to consider such issues as whether the plan simply rejected all executory contracts, and whether at the time and place of its execution and approval that reference should be read to include this option contract.
Also, as the majority emphasizes, the phrase “(as described above)” in the clause “if the plan does not resolve the question, we instruct the bankruptcy court to apply the appropriate legal test (as described above),” *709 at page 704 of the opinion, means that, absent the kind of description embodied in the word “explicitly,” the bankruptcy court must interpret the plan in accordance with Part III of the majority opinion, regardless of what the words of the plan meant to the parties and the Southmark bankruptcy court when the plan was executed and approved. Again, the bankruptcy court should remain free to consider such issues as whether the plan simply rejected all executory contracts, and whether the Southmark bankruptcy court and the parties then “knew” that the law declared option contracts to be executory contracts. Perhaps they did “know” that option contracts were included when executo-ry contracts were rejected. They may have derived that knowledge from the law as the Fifth Circuit had declared it to be. See Rivercity v. Herpel (In re Jackson Brewing Co.), 567 F.2d 618, 623-24 (5th Cir.1987). They may even have derived that knowledge from the law as the Ninth Circuit had declared it to be. See Gill v. Easebe Enters. (In re Easebe Enters.), 900 F.2d 1417, 1419 (9th Cir.1990). I do not know whether the parties or the Southmark bankruptcy court had that knowledge, nor do I even know precisely what the plan said or meant. All of those issues should be open to inquiry when this case is returned to the bankruptcy court. Certainly we should not preclude an inquiry into the meaning of the words used in the plan when it was adopted. We should not insist upon use of our newly discovered definitions.
In short, as I see it we should only be removing the impediment that the bankruptcy court encountered when it came upon Easebe. We need not and should not do more than that. To the extent that the majority does, I dissent.