### In re NATIONAL FINANCIAL REALTY TRUST, Debtor.

**Marian BRONNER, Individually and as Personal Representative of the Estate of Bernard H. Barnett, Plaintiff,**

v.

**CHENOWETH–MASSIE PARTNERSHIP and Thomas M. Duddy, Trustee, Defendant.**

Bankruptcy No. 3–90–1320(2)11.
Adversary No. 97–3130.

United States Bankruptcy Court,
W.D. Kentucky,
Louisville Division.

Sept. 21, 1998.

Thomas C. Scherer, Indianapolis, IN, for Debtor.

Scott W. Brinkman, Louisville, for Creditor.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter is presently before this Court on the Motion of Defendant, Chenoweth–Massie Partnership ("Defendant"), for Summary Judgment, and the Cross–Motion of the Plaintiff, Marian Bronner, both individually and as Personal Representative of the Estate of Bernard H. Barnett ("Plaintiff") also for Summary Judgment. There are no material facts in dispute. Rather, this case turns on the narrow legal question of whether an option agreement is an executory contract that must be assumed or is otherwise deemed to be rejected under Section 365 of the Bankruptcy Code.

The Option Agreement at issue was originally entered into by Defendant and Debtor, National Financial Realty Trust ("NFRT"). NFRT post-petition assigned the Option to Plaintiff. Upon Plaintiff's attempt to exercise the Option, Defendant refused to comply arguing that the Option Agreement had terminated. Defendant takes the position that the Option Agreement was an executory contract that was not assumed, but rather rejected. Consequently, the assignment of that Agreement to Plaintiff and the subsequent purported exercise of the Option were without effect.

Plaintiff, on the other hand, takes the position that the Option Contract is not an executory contract which required assumption under § 365. Thus, it was valid when assigned to and exercised by Plaintiff, and is, consequently, entitled to enforcement.

The Court, having thoroughly reviewed the briefs filed by both parties and the case law cited therein, as well as having conducted its own extensive research on this issue, concludes that an option agreement is not an executory contract requiring assumption under § 365. Accordingly, for the reasons set forth below, the Court finds that the Option held by Plaintiff was a valid, enforceable agreement and that Plaintiff is entitled to Summary Judgment.

## FACTS

The parties have executed a Stipulation of Facts, which sets forth the following undisputed course of events:

On August 22, 1988, Defendant, Chenoweth–Massie, purchased real estate located at 9802 Old Baymeadows Road, Jacksonville, Florida (the "Jacksonville property") from NFRT, the Debtor. Pursuant to that purchase, the parties executed a Purchase Agreement, which contained an Option provision.

Paragraph 9 of the Purchase Agreement granted NFRT the option to repurchase the Jacksonville property upon certain terms and conditions. Specifically, the Option provision stated:

1. The option could only be exercised on or after the date which was five (5) years after the closing date of Chenoweth–Massie's purchase of the Jacksonville Property under the Original Purchase Agreement; and

2. The option could only be exercised in a manner where NFRT would be required to participate in the acquisition of like-kind property from a third party in order to effect a tax free exchange pursuant to Section 1031 of the Internal Revenue Code.

A year later, on August 19, 1989, the Option Agreement was again memorialized by a separate document executed by NFRT and Defendant. Seven months thereafter, on March 15, 1990, NFRT filed for bankruptcy. NFRT still held the unexercised Option at that time, and continued to hold it without exercising it for a number of years following the bankruptcy filing. Finally, on January 14, 1994, the first discussions were initiated regarding the Option provision. On that date, Thomas M. Duddy, Receiver for the Creditors of NFRT, delivered a letter to Thomas Hamilton, a representative of Defendant, offering to Defendant the "first option" to repurchase the Option.

On April 4, 1994, Defendant responded by letter advising NFRT of its position that the Option was terminated. Thereafter, on April 11, 1994, Scott Brinkman, Counsel for Mr. Duddy, delivered a letter in reply, stating his position that the Option provision remained valid and enforceable as it was an executory contract, which was assumed under § 365 of the Bankruptcy Code pursuant to NFRT's Plan of Liquidation.

The following month, on May 6, 1994, Defendant delivered to Mr. Duddy a letter agreeing that the Option Agreement constituted an executory contract. However, the letter requested verification that the Option had been included in NFRT's Plan of Liquidation as an executory contract specifically assumed by NFRT. Mr. Duddy did not respond to that letter.

On October 19, 1995, Mr. Duddy, as Creditors' Trustee under NFRT's Plan of Liquidation, with Court approval and in exchange for valuable consideration, assigned the Option Agreement to Plaintiff, Marian Bronner, individually, and Bernard H. Barnett, who has since deceased and for whose estate Ms. Bronner now serves as the Personal Representative (collectively to be referred to as "the Plaintiffs"). Defendant was unaware of this assignment until July 29, 1996, when the Plaintiffs delivered a letter to Defendant, notifying Defendant that they had been assigned the Option and were exercising their right to purchase the Jacksonville property pursuant thereto.

Following receipt of that letter, Defendant advised the Plaintiffs by letter dated August 12, 1996, that it was Defendant's understanding that the Option was no longer effective by reason of its rejection as an executory contract. The letter did, however, invite the Plaintiffs to provide evidence that the Option was validly assumed and, consequently, validly assigned to the Plaintiffs.

The Plaintiffs responded by letter dated September 6, 1996, that it was Plaintiffs' position that the Option Agreement was not an executory contract that was required to be assumed pursuant to § 365 to remain valid and enforceable.

In response, Defendant once again reiterated its position that the Option was an executory contract which NFRT failed to assume.

Thereafter, Plaintiff commenced this adversary proceeding to enforce the Option Agreement.

### LEGAL DISCUSSION

 The Bankruptcy Code unfortunately does not provide a definition of the term "executory contract." The definition, therefore, has evolved through judicial construction. The prevailing definition throughout the United States is generally referred to as the "Countryman" definition. The Sixth Circuit has adopted that definition, holding that an executory contract is:

> [A] contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.

*In re Terrell,* 892 F.2d 469, 471 (6th Cir. 1989); *In re Jolly,* 574 F.2d 349, 350–51 (6th Cir.), *cert. denied,* 439 U.S. 929, 99 S.Ct. 316, 58 L.Ed.2d 322 (1978); *In re Meadows,* 39 B.R. 538, 540 (Bankr.W.D.Ky.1984); *In re Farrar McWill, Inc.,* 26 B.R. 313, 314–15 (Bankr.W.D.Ky.1982).

An option agreement, which has been paid for but which remains unexercised at the time of the bankruptcy action, presents a slight twist on the ordinary contract. While each side may have unperformed obligations, they are contingent on the optionee's decision to exercise the option. *In re Robert L. Helms Constr. and Devel. Co.,* 139 F.3d 702, 705 (9th Cir.1998); *In re America West Airlines, Inc.,* 179 B.R. 893, 896 (Bankr.D.Ariz. 1995); *In re Giesing,* 96 B.R. 229, 232 (Bankr.W.D.Mo.1989). The unperformed obligations become due if, and only if, the optionee exercises the option. *Robert L. Helms Constr.,* 139 F.3d at 705; *America West Airlines,* 179 B.R. at 896; *Giesing,* 96 B.R. at 232. If the optionee does exercise the option, the duty then, at that point in time, arises on behalf of the optionor to deliver the property, as does the reciprocal duty on behalf of the optionee to tender payment therefore. Most significantly, however, if the option is not exercised, the unperformed obligations never become due and neither party commits a breach. *Robert L.*

*Helms,* 139 F.3d at 705; *In re Continental Properties, Inc.,* 15 B.R. 732, 736 (Bankr. D.Haw.1981); *Giesing,* 96 B.R. at 232.

The contingent nature of the obligations arising from an option agreement make them quite distinguishable from the typical contract. This distinction has puzzled many courts, resulting in two distinct lines of cases. The first line of cases, while recognizing the contingent nature of the obligations arising under option agreements, and while also expressly acknowledging that they are unilateral contracts until exercised, have nevertheless engaged in what could be described as analytical gymnasts to arrive at a finding that they are nonetheless executory contracts. *See A.J. Lane & Co.,* 107 B.R. 435 (Bankr.D.Mass.1989); *In the Matter of Jackson Brewing Company,* 567 F.2d 618 (5th Cir.1978); *In re Riodizio, Inc.,* 204 B.R. 417 (Bankr.S.D.N.Y.1997); *In re G–N Partners,* 48 B.R. 462 (Bankr.D.Minn.1985); *In re Hardie,* 100 B.R. 284 (Bankr.E.D.N.C.1989); *In re Waldron,* 36 B.R. 633 (Bankr.S.D.Fla. 1984), *rev'd on other grounds,* 785 F.2d 936 (11th Cir.), *cert. dism'd,* 478 U.S. 1028, 106 S.Ct. 3343, 92 L.Ed.2d 763 (1986). In support of this position, Defendant has additionally cited *The Matter of Delex Management,* 155 B.R. 161 (Bankr.W.D.Mich.1993); *In re Terrell,* 892 F.2d 469 (6th Cir.1989); *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.,* 756 F.2d 1043 (4th Cir.1985), *(superseded by statute);* and *In re Smith Jones, Inc.,* 26 B.R. 289 (Bankr.Minn.1982). The Court has reviewed each of these four cases and is somewhat puzzled by the fact that none of the four even involve an option contract. In fact, the *Lubrizol Enterprises* case involved a technology licensing agreement, which entailed existing, as opposed to contingent, obligations on behalf of both parties at the time of bankruptcy. The *Smith Jones* case involved an express written warranty, pursuant to which the Court likewise found existing bilateral obligations due at the time of bankruptcy. Likewise, while the remaining two cases did involve real estate purchase agreements, neither agreement contained an option provision. The Court also notes that Defendant has placed much reliance on *In re Easebe Enterprises, Inc.,* 900 F.2d 1417 (9th

**590**

Cir.1990). This case was expressly overruled by the *Robert L. Helms Construction* case, 139 F.3d 702, 705–06 (9th Cir.1998), a decision entered in March of this year and published at approximately the same time this matter came under submission.

The other line of cases, which this Court finds more persuasive, holds that an option contract is typically an *executed* unilateral contract, not an executory contract. *Robert, Helms Constr.*, 139 F.3d at 705–06; *Giesing*, 96 B.R. at 232; *America West Airlines*, 179 B.R. at 896; *Continental Properties*, 15 B.R. at 736. Under the approach advocated by this line of cases, the Court must determine whether the option required further performance from each party at the time the petition was filed. *Robert L. Helms Constr.*, 139 F.3d at 705. Typically, the answer is no, as the optionee has generally fulfilled its only true obligation under the option by paying for it. *Id.; Giesing*, 96 B.R. at 232; *America West Airlines*, 179 B.R. at 896. Having fully performed its obligation, the optionee is literally incapable of breaching the agreement. *Giesing*, 96 B.R. at 232; *Robert L. Helms Constr.*, 139 F.3d at 705–06. The only unperformed part of the option agreement is the optionor's obligation to keep the option open during the option period. *Giesing*, 96 B.R. at 232; *America West Airlines*, 179 B.R. at 895–96. Consequently, the Agreement cannot be an executory contract as performance is due only by one side. *Robert L. Helms Constr.*, 139 F.3d at 705; *Giesing*, 96 B.R. at 232; *Continental Properties*, 15 B.R. at 735.

The creation of any further obligations lies within the sole discretion of the optionee. *Robert L. Helms Constr.*, 139 F.3d at 705; *Continental Properties*, 15 B.R. at 735.The option agreement does not bind the optionee to purchase. Rather, it simply grants the optionee the right or privilege to *elect* to purchase by tendering the consideration agreed upon within a certain time frame. *Continental Properties*, 15 B.R. at 735 (*quoting Richardson v. Hardwick*, 106 U.S. 252, 1 S.Ct. 213, 27 L.Ed. 145 (1882)); *America West Airlines*, 179 B.R. at 896; *Robert L. Helms Constr.*, 139 F.3d at 705.

If the optionee does absolutely nothing, the option lapses; however, no breach of contract has occurred. *Robert L. Helms Constr.*, 139 F.3d at 705. Additionally, while the exercise of the option does trigger potential obligations on behalf of both parties, "exercising the option is completely within the optionee's control." *Id.; Continental Properties*, 15 B.R. at 735.

■ In summary, the Court must look to the outstanding obligations at the time the Bankruptcy Petition is filed. The pivotal question is whether performance is due by *both* sides. That is, "at the time of filing, does each party have something it must do to avoid materially breaching the contract?" *Robert L. Helms Constr.*, 139 F.3d at 706. "Performance due only if the optionee chooses at his discretion to exercise the option doesn't count unless he has chosen to exercise it." *Id.* The optionee does not commit a breach by choosing to do nothing. *Id.*

Thus, having determined that an option contract is not an executory contract requiring assumption under § 365, the Court finds that the Option held by the Plaintiff in this action is valid and enforceable. Plaintiff is legally entitled to exercise the Option, and Defendant is contractually bound to comply.

### CONCLUSION

For the above-stated reasons, the Court finds that there are no material facts in dispute and Plaintiff is entitled to judgment as a matter of law. Accordingly, the Court shall by separate Order overrule the Defendant's Motion for Summary Judgment, and shall sustain the Plaintiff's Cross–Motion for Summary Judgment.